TOM BASHARA v. THE STATE.

No. 5125. Decided November 20, 1918.

**1.—Local Option—Indictment—Motion in Arrest of Judgment.**

Where, upon trial of a violation of the local option law, the indictment was sufficient, there was no error in overruling a motion in arrest of judgment.

**2.—Same—Venue—Presumption.**

Article 938, C. C. P., requires that this court shall presume that the venue was proved in the court below, unless this was made an issue in the trial reserved by bill of exceptions; besides, the proof shows that the sale was made in the City of Waco, which the court judicially knows is in McLennan County.

**3.—Same—Sale—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the conviction, the sickness of the purchaser of the liquor was no defense. Distinguishing Waldstein v. State, 29 Texas Crim. App., 82.

**4.—Same—Whisky—Intoxicating Liquor.**

Where, upon trial of a violation of the local option law, the evidence showed that the liquor sold was whisky, this is sufficient to show that it was an intoxicant.

**5.—Same—Bill of Exceptions—Practice on Appeal.**

In the absence of bills of exception other matters in the motion for new trial can not be considered on appeal, and the evidence being sufficient to sustain the conviction, the judgment is affirmed.

**6.—Same—Words and Phrases—Vote—Election—Contest.**

Article 5721, Revised Civil Statutes, directs that the court shall immediately make an order declaring the result of said vote, and there is no distinction or difference between declaring the result of said election and declaring the result of said vote, and the use of these words, one for the other, is wholly immaterial; besides, there was no contest of the election.

**7.—Same—Definition of Offense—Indictment.**

It is not necessary to allege that the sale of intoxicating liquors was made for the purpose of evading the law.

Appeal from the District Court of McLennan. Tried below before the Hon. R. I. Munroe.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*James E. Yeager,* for appellant.—On question of insufficiency of indictment: Ladwig v. State, 51 S. W. Rep., 390; Barker v. State, 47 id., 980; Neal v. State, 51 Texas Crim. Rep., 513, 102 S. W. Rep., 1139.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of violating the prohibition law in said county.

He had no attorney when tried, but procured one as soon as he was convicted. His able attorney has filed both an original and a supplemental brief which have had due consideration.

No motion was made to quash the indictment, but a motion in arrest of judgment was filed claiming the indictment was invalid. In view of his motion we will copy the indictment. It is:

"In the name and by the authority of the State of Texas:

"The grand jury of the County of McLennan and State of Texas, duly selected, organized and empaneled by the judge of the Fifty-fourth Judicial District of Texas, holding session of the District Court in and for said county, upon their oaths in said court present that heretofore, on the 20th day of October, 1917, in said McLennan County, an election was held in accordance with the laws of said State and under the authority of an order of the Commissioners Court of said county, theretofore duly made and published as required by law, to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and the qualified voters of said election did then and there determine that the sale of intoxicating liquors should be prohibited in said McLennan County, and thereupon, towit: on November 3, 1917, the Commissioners Court of said county did pass an order declaring the result of said election, and prohibiting the sale of intoxicating liquors in said McLennan County, which order was duly entered of record on the minutes of said Commissioners Court, and which order was immediately thereafter duly published for four successive weeks in the Waco

Morning News, a newspaper then and there published daily in said McLennan County, and being a newspaper selected in a manner as required by law for the then county judge of said county for the purpose of said publication, which selection and publication as aforesaid were duly certified to by the said county judge, and his certificate thereof duly entered on the minutes of said Commissioners Court as required by law, and that thereafter, towit: on or about the 30th day of December, 1917, and before the presentment hereof, one Tom Bashara did then and there unlawfully sell intoxicating liquor to Bob Gilbert in violation of said law aforesaid, which was then and there in full force and effect in said county, against the peace and dignity of the State."

His motion in arrest as to the claimed insufficiency of said indictment is on these grounds: 1. That it charges no offense under the law, in that it alleges that he sold the intoxicating liquor to Gilbert "in violation of said law aforesaid," when, as he claims, the only law referred to was in regard to holding elections to determine whether or not the sale of intoxicating liquor should be prohibited in said county, and no mention of any law fixing a penalty for the sale of intoxicating liquors is mentioned in the indictment. · 2. That the indictment failed to allege the selection of a newspaper publishing the order of the Commissioners Court, and that the publication thereof was certified to by the judge of said county. 3. That it fails to fix the jurisdiction and venue, in that it does not allege that the offense was committed in said county.

At most, appellant's objections are hypercritical, and we think the indictment itself meets each of them. It is reasonably certain, even if that was necessary, that the law he is alleged to have violated was none other than the law prohibiting the sale of intoxicating liquors. It was wholly unnecessary for the indictment to allege what the penalty for his offense was. This is never done in an indictment. It plainly alleges the newspaper in which the Commissioners Court order was published, and that the publication thereof was certified by the county judge of said county. It alleges that the offense was committed in McLennan County. The "then and there" in the latter part clearly referred to McLennan County as the place in which the sale was made. (Branch's Ann. P. C., sec. 502.)

In his motion for a new trial for the first time he claimed that the testimony failed to prove the sale was made in said county. He has no bill of exceptions on the subject. The statute (art. 938, C. C. P.) requires that this court shall presume the venue was proven in the court below unless that was made an issue in the trial below and it affirmatively appears to the contrary by a bill of exceptions properly signed and allowed by the court below. The decisions of this court follow said statute. See some of them cited in 1 Branch's Ann. P. C., sec. 452. Besides, the proof shows that the sale was made in Waco, and this court judicially knows that Waco is in McLennan County. 1 Branch's Ann. P. C., sec. 263.

The uncontradicted testimony shows that the said purchaser claimed to be sick, and told appellant he wanted some whisky, and asked if he knew where he could get some. Appellant told him he had some in his room, and he went with him to his room, and they both took a drink out of a bottle. The purchaser then asked appellant what he would let him have the balance of the whisky in the bottle for. Appellant told him that the bottle originally cost him $1.50, but that he would let him have it for $1, and that he, for that price, took the bottle. He did not then pay for it, but that appellant later dunned him for the price. That he knew it was whisky. The proof clearly shows the illegal sale of the liquor as alleged. Appellant cites and relies upon Waldstein v. State, 29 Texas Crim. App., 82. That case is not in point. Appellant was prosecuted therein for making a sale of liquor to a minor without a written order, under a different statute altogether, and shows a very peculiar state of facts. That decision, however, was not adhered to but in effect overruled under the later decisions of this court. Yakel v. State, 30 Texas Crim. App., 91. Under the prohibition law, a sale of whisky to a person claimed to be sick can legally be sold only on the written prescription of a doctor. (P. C., art. 598.)

The proof showed that the liquor appellant sold was whisky. No other proof was necessary to show it was intoxicating. This court has uniformly held that when the proof shows the liquor sold was whisky, that is sufficient to show that it was an intoxicant. 1 Branch's Ann. P. C., p. 700.

Appellant alleged other matters in his motion for a new trial which he briefs, but he has no bills of exception which are proper to raise the questions. Appellant's conviction was in every way legal and proper. No reversible error is shown.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 20, 1918.

PRENDERGAST, JUDGE.—Appellant's attorney, in his motion for rehearing, says that he did not contend in his motion in arrest of judgment that the penalty for violation of said statute prohibiting the sale of intoxicating liquors in prohibition territory should have been alleged in the indictment and that he does not like for such contention on his part as in effect so stated in the original opinion to be made history. The court in stating the first ground in his motion in arrest of judgment in the original opinion may have misunderstood him on this point and incorrectly stated his position. In deference therefore to what he says, any expression in the original opinion which indicates that he may have made such a contention is withdrawn. Of course, this court does not desire to put him in a false attitude and had no intention of doing so.

In his motion in arrest of judgment for the claimed insufficiency of the indictment he did not claim that the order of the Commissioners

Court declaring the result of "said election" instead of declaring the result of "said vote," that the prohibition law was not thereby put in force. He did make such a claim in his brief. We did not notice it in the opinion because we thought it was too hypercritical to require mention. He renews that contention in his motion for rehearing and says, "We concede that this contention is drawing a fine point, nevertheless the issue is drawn, and it should not be passed over lightly." He cites article 5721 of the Revised Civil Statutes, which directs that the Commissioners Court at the time specified shall open the polls and count the votes and if the majority are for prohibition that the court shall immediately make an order declaring the "result of said vote" and absolutely prohibiting the sale of intoxicating liquors, etc. Neither in fact nor in law under this statute is there any distinction or difference between declaring the result of said "election" and declaring the result of said "vote." Declaring the result of said election could mean nothing else then declaring the result "of said vote." Mr. Branch in his 1 Branch's Ann. P. C., p. 689, in prescribing a form of indictment under the prohibition statute instead of using the words "declaring the result of said vote," uses the words "declaring the result of said election." The use of the words "declaring the result of the election" instead of the words "declaring the result of the vote" was wholly immaterial. Besides, if there could have been anything in this point the statute requires that unless the election should be contested by suit brought in the District Court within thirty days after the election, the declaration of the result by the Commissioners Court is conclusive on all courts. Rev. Stats., art. 5728.

Neither is there anything in appellant's contention that it was necessary for the State to prove that in making the alleged sale of intoxicating liquors the appellant must be shown to have done so for the purpose of evading the law. The indictment alleged and the State proved a direct and unlawful sale which was all that was necessary to either allege or prove on this point.

The motion is overruled.                                    *Overruled.*