**Ruben Perez ORTIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0013–CR.**

Court of Appeals of Texas, Amarillo.

Dec. 8, 1981.

Rehearing Denied Dec. 30, 1981.

Bill Wischkaemper, Lubbock, for appellant.

John T. Montford, Criminal Dist. Atty., Jim B. Darnell, Asst. Criminal Dist. Atty., Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

The offense is attempted burglary. The punishment, enhanced by two prior felony convictions, is life imprisonment. We affirm.

The State's evidence revealed that on March 23, 1979, three officers of the Lubbock police department responded to a signal from a silent burglar alarm and discovered appellant and a companion, Alcario Selestino, hiding in a dark area outside the building where the activated alarm was located. Appellant and Selestino were dressed in dark clothing, including caps and gloves. The door to the building was open and there were recent pry marks around the door and door facing. A tire tool was found inside the door. The building in question was adjacent to and used as a storage building for a grocery business conducted in an adjoining building. There were other buildings on the premises and a bathroom, to which the outer door was either open or missing, was located in one of the buildings. It is unclear from the record before this court whether the bathroom was in the building where the alarm was located or in one of the other buildings.

Appellant did not materially controvert the foregoing evidence but explained that he was present in the area because of a call of nature. Appellant testified he and Selestino were walking to his car after an evening of shooting pool and drinking beer and he needed to urinate. He found the open bathroom and entered it for that purpose. While inside the bathroom appellant heard his companion say the police were coming. Appellant didn't want to be taken in for questioning so he and Selestino hid, but they were found and arrested.

Appellant and Selestino were indicted for attempted burglary. Selestino disappeared soon thereafter, his bond was forfeited and his whereabouts are still unknown. Two prior felony convictions were pled in appellant's indictment and, after the jury found appellant guilty of attempted burglary, the prior offenses were proven before the court. Accordingly, enhanced punishment of life imprisonment was assessed by the court.

In this court, appellant advances three grounds of error in his counsel's brief and one in a pro se brief. We will first consider the points presented in counsel's brief, then will consider the point in the pro se brief.

The first ground is that the trial court abused its discretion in overruling appellant's motion to quash the indictment because it did not put him on notice that his punishment would be enhanced to life imprisonment in accordance with the habitual offender statute, Tex. Penal Code Ann. § 12.42(d) (Vernon 1974). Appellant cites no Texas cases in support of his argument that the punishment must be alleged in the indictment and we find none. When prior convictions are used for enhancement of punishment they must be alleged in the indictment with sufficient detail to give a

defendant notice and permit him to prepare a defense. *Coleman v. State*, 577 S.W.2d 486, 488 (Tex.Cr.App.1979); *Hollins v. State*, 571 S.W.2d 873, 875 (Tex.Cr.App. 1978). The indictment in this case meets that test. However, nothing in Texas law requires the State to allege the punishment that will be imposed if the defendant is convicted of the offense charged and the prior convictions are proven. The statement in *Bashara v. State*, 84 Tex.Cr. 263, 206 S.W. 359, 360 (1918), disposing of the contention that the indictment must allege the punishment for the offense charged is equally applicable to appellant's contention here: "It was wholly unnecessary for the indictment to allege what the penalty for his offense was. This is never done in an indictment." Ground of error one is overruled.

Appellant's second ground of error is that the trial court abused its discretion in overruling his motion for continuance. On the day of trial, appellant sought a continuance in order to try to locate and secure favorable testimony from his companion, Selestino. Appellant was hopeful that Selestino would testify that Selestino forced open the door to the storage building while appellant was urinating in the bathroom. Although there was speculation that Selestino might be in California or Edinburg, Texas, no witness called in connection with the motion stated where Selestino was, or whether he would be available as a witness. The trial court overruled the motion for continuance.

■ Article 29.03, Tex.Code Cr.Pro. Ann. (Vernon Supp.1978), permits the continuance of a criminal case "upon sufficient cause shown..." Whether sufficient cause is shown is a matter within the sound discretion of the trial court. *Aguilar v. State*, 468 S.W.2d 75 (Tex.Cr.App.1971). When the motion is predicated on a missing witness, the trial court does not abuse its discretion in denying the motion if the evi-

dence "does not indicate a probability that the witness can be secured by a postponement..." *Varela v. State*, 561 S.W.2d 186, 191 (Tex.Cr.App.1978).

■ There is no evidence in this record to suggest that Selestino will ever be available to testify. Thus, the trial court did not abuse its discretion in concluding that sufficient cause had not been shown for a continuance. Ground of error two is overruled.

■ In his third ground of error, appellant contends he should not have been sentenced under the habitual felony offender statute, Tex.Penal Code Ann. § 12.42(d) (Vernon 1974), because the prior felony convictions used for enhancement purposes by the State are now misdemeanors.[1] In disposing of an identical contention under almost identical facts, the Court of Criminal Appeals stated, in *Moreno v. State*, 541 S.W.2d 170, 174 (Tex.Cr.App.1976):

> The disposition of these grounds of error is controlled by V.T.C.A., Penal Code, Sec. 12.41, which provides that for enhancement purposes "... any conviction not obtained from a prosecution under *this code* shall be classified as follows: (1) 'felony of the third degree' if confinement in a penitentiary is affixed to the offense as a possible punishment..." (Emphasis added). Because the convictions used by the prosecution for enhancement purposes were not obtained under "this Code," but under the former Penal Code, they are now, for enhancement purposes, considered to be felonies of the third degree because confinement in a penitentiary was affixed to each of these offenses as a possible punishment.

In this case, as in *Moreno*, the prior offenses were not obtained under the present Penal Code but, under the prior law, they carried confinement in the penitentiary as a possible punishment when appellant was convicted of the offenses. Thus, they are considered felonies of the third degree and could be used for enhancement purposes

---

1. Appellant was convicted in 1976 for theft over $50 (committed in 1973) and in 1970 for possession of marijuana. Appellant's factual predicate for his contention that the offenses for which he was convicted would be misdemeanors under the present code is tenuous at best. However, we do not reach that problem.

under section 12.42(d) even if they are misdemeanors under the present Penal Code. Ground of error three is overruled.

■ In a pro se brief, appellant contends the trial court erred in refusing to charge the jury on the offense of criminal trespass as a lesser included offense of attempted burglary. Trespass is a lesser included offense of burglary, *Day v. State*, 532 S.W.2d 302, 306 (Tex.Cr.App.1975), and, for disposition of this point, we will assume that trespass may also be a lesser included offense of attempted burglary.[2] The inquiry, then, is whether there was evidence of each of the elements of criminal trespass. Absent some evidence on each element, the trial court could not charge the jury on the offense as a lesser included offense. *See* Lesser Included Offenses: When is an Instruction Required?, 30 Baylor L.Rev. 355 (1978).

Criminal trespass consists of the following elements: (1) a person (2) without effective consent (3) enters or remains on the property or in a building of another (4) knowingly, intentionally or recklessly (5) when he had notice that entry was forbidden or received notice to depart but failed to do so. Tex.Penal Code Ann. art. 30.05 (Vernon 1974); *Day v. State*, 532 S.W.2d 302, 306 (Tex.Cr.App.1975). The "notice" requirement under element 5 is defined by article 30.05(b)(2) as follows:

(2) "notice" means:

(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

(B) fencing or other enclosure obviously designed to exclude intruders; or

(C) signs posted to be reasonably likely to come to the attention of intruders. Tex.Penal Code Ann. art. 30.05(b)(2) (Vernon 1974).

■ An analysis of the record before this court under appellant's trial theory reveals a total absence of evidence of the notice requirement under element 5. It is impor-

tant to remember that appellant is not contending that he trespassed at the location of the forcibly opened door into the storage room. Instead, he contends and presented evidence that he entered an open bathroom located in either the same or an adjacent building, with a separate outside entry way. His subsequent apprehension and arrest occurred in an area outside the buildings. We find nothing in either appellant's evidence or the State's evidence to place appellant on notice that he was trespassing. There was no evidence of communication of notice to appellant, *Id.* at (b)(2)(A); there was no evidence any signs were posted, *Id.* at (b)(2)(C); and there was no evidence of fencing or some other enclosure obviously designed to exclude intruders, either on the general premises or at the entry into the bathroom, *Id.* at (b)(2)(B). To paraphrase *McCardell v. State*, 557 S.W.2d 289, 290 (Tex.Cr.App.1977), under this record appellant was either guilty or not guilty only of attempted burglary. For the foregoing reasons, appellant was not entitled to a criminal trespass charge. His pro se ground of error is overruled.

The judgment of the trial court is affirmed.

---

2. *See* Tex.Code Cr.Pro.Ann. art. 37.09 (Vernon 1981), for the elements of a lesser included offense.