**Gerald Joseph JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00918–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 15, 1989.

Jack D. Ewing, Galveston, W. Troy McKinney and Stanley G. Schneider, Houston, for appellant.

Michael J. Guarino, Crim. Dist. Atty. and Thomas Rodriguez, Asst. Dist. Atty., Galveston, for appellee.

EVANS, C.J., and O'CONNOR and DUGGAN, JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

We withdraw our opinion of February 23, 1989, and substitute the following. A jury convicted appellant of attempted burglary of a building. Appellant pled true to an enhancement paragraph, and the trial court sentenced him to 12 years confinement. Appellant raises 12 points of error.

Amando Villarreal, the complainant and owner of Galveston Watch and Jewelry, lives on the second floor above his store. Villarreal's work area, where he repairs watches and other jewelry, is at the rear of the building, between the first and second floors. Villarreal often leaves watches and jewelry on the work bench at night.

A public alley divides Villarreal's block between 21st and 22nd Streets. A private alley, about 75 feet long and six feet wide, runs behind Villarreal's building, perpendicular to the public alley. The private alley opens only into the public alley. There is a "no trespassing" sign at the entrance of the private alley.

Part of the back wall of Villarreal's work room that faces the private alley is made of glass bricks. The bricks measure seven inches wide by seven inches high and about three and a half inches thick and have a hollow space inside. In the alley, next to the glass brick wall, a platform nine feet high and three feet wide supports an air-conditioning unit.

In the early morning hours of December 20, 1986, the noise from someone banging on glass woke Villarreal two times. Each time Villarreal called the police. The officers who responded to the first call, around 2 a.m., found glass fragments and a clay brick on the platform outside the glass brick wall. One officer testified he thought someone had used the clay brick to break the glass brick.

About 3 a.m., four officers responded to the second call. Officer Karlock entered the public alley from 22nd Street and saw a man (later identified as Verlie Williams) standing in the public alley acting as a look-out. As Officer Karlock watched Williams, he heard the sound of breaking glass coming from the private alley. He then saw Williams go into the private alley.

Officers Chide, Rankin, and Putnal entered the public alley from 21st Street, the opposite direction from Officer Karlock. As the officers advanced, appellant and Williams walked out of the private alley. Officer Chide told them to freeze. Appellant and Williams stopped for a second and then turned toward 21st Street. When Officer Karlock again told them to stop, Williams put his hands up. After hesitating a moment, appellant jumped over a six foot wall and ran. Officers Karlock and Rankin took Williams into custody. Officers Putnal and Chide, running in different directions, pursued appellant.

Officer Putnal chased and caught appellant three times as appellant was trying to escape. On one occasion, as Officer Putnal was struggling with appellant on the ground, appellant grabbed the officer's gun. The gun went off, wounding appellant. In spite of the wound, appellant got up and ran about two blocks until he collapsed in a parking lot. When Officers Putnal and Chide arrested appellant, appellant was wearing a pair of heavy gloves.

After the arrests, the officers found a second broken glass brick adjacent to the first broken glass brick. The officers also found pieces of glass from the brick on the platform.

## I. LESSER INCLUDED OFFENSE.

In his first point of error, appellant contends the trial court should have instructed the jury on the lesser included offense of criminal trespass. Appellant argues his presence in the private alley established the lesser included offense of criminal trespass.

The Texas Penal Code defines burglary of a building as entry, without the owner's

consent, of a building not open to the public with the intent to commit a theft. Tex. Penal Code Ann. sec. 30.02(a)(1) (Vernon 1974). The Code defines criminal trespass as entry of the property of another, without effective consent, and with notice the entry is forbidden. Tex. Penal Code Ann. sec. 30.05(a)(1) (Vernon 1989). A person commits attempted burglary if, with the specific intent to commit burglary, he does an act amounting to more than mere preparation. Tex. Penal Code Ann. sec. 15.01 (Vernon Supp.1989).

Article 37.09 of the Texas Code of Criminal Procedure defines a lesser included offense as one that:

(1) is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) consists of an attempt to commit the offense charged or an otherwise included offense.

Tex.Code Crim.P.Ann. art. 37.09 (Vernon 1981).

The first question the trial court must decide, before it submits a charge on a lesser included offense, is: Does the lesser offense meet one of the four statutory requirements of article 37.09 for the lesser included offense?

The Texas Court of Criminal Appeals told us in *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981), the trial court must answer another question before it submits an instruction on a lesser included offense: Is there any evidence from any source that supports the proposition that defendant, if guilty, is guilty only of the lesser offense? If the answer is yes, the trial court must submit the charge of the lesser included offense.

There are, therefore, two inquiries in this exercise:

QUERY 1: Does the lesser crime meet one of the statutory definitions of lesser included offense under article 37.09?

If yes,

QUERY 2: Is there any evidence defendant is guilty only of the lesser offense?

If no,

The court should not submit the lesser offense.

If yes,

The court must submit the lesser offense.

If no,

The court should not submit the lesser offense

It is only when both questions are answered "yes" that the trial court can submit the charge of lesser included offense.

### A. Is Criminal Trespass Of An Alley A Lesser Included Offense Of Attempted Burglary Of A Building?

There is no definite list of offenses that qualify as being included within the greater offense of burglary. The 1856 Code of Criminal Procedure, the predecessor of article 37.09, which offers some historical perspective, provided:

The following offenses include different degrees:

\*    \*    \*    \*    \*    \*

4. Burglary, which includes every species of housebreaking and of theft from a house.

Tex.Code Crim.P.Ann. art. 631 (1857).

In *Moreno v. State*, 702 S.W.2d 636, 640 (Tex.Crim.App.1986), the Court of Criminal Appeals held criminal trespass could be a lesser included offense to burglary of a habitation under article 37.09, subsec. (1). In *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985), the Court of Criminal Appeals held an attempted criminal trespass of a building could be a lesser included offense to attempted burglary of a building.

Appellant, charged with attempted burglary of a building, did not ask for the charge of attempted criminal trespass of the building. Appellant asked for the charge of attempted criminal trespass of the private alley.

The question is: Can criminal trespass of the *private alley* be a lesser offense to attempted burglary of a *building?* This Court held in *Johnson v. State*, 665 S.W.2d 554, 556–57 (Tex.App.—Houston [1st Dist.] 1984, no pet.), that criminal trespass of property surrounding a building is not a lesser included offense of burglary of the building.

■ On the authority of our 1984 *Johnson* case, we hold in the present *Johnson* case that the trial court correctly refused to submit the lesser included offense charge. The criminal trespass of the alley

was another criminal act, separate and apart from attempted burglary of the building. It was another crime committed on the same occasion, not a lesser included offense.

Appellant cites three cases to support his claim the trial court erred in refusing to submit the offense of criminal trespass to the alley. In two of the cases, the defendant asked for a lesser included offense involving the same property for which he was charged with burglary. *Roberson v. State*, 549 S.W.2d 749, 751 (Tex.Crim.App. 1977); *Day v. State*, 532 S.W.2d 302, 307 (Tex.Crim.App.1975). We agree with both cases, but find they do not support appellant's claim for the lesser included offense in this case.

*Ortiz v. State*, 626 S.W.2d 586 (Tex.App. —Amarillo 1981, pet.ref'd), is the only case appellant cites that makes us pause. In *Ortiz*, the prosecutor charged defendant with burglary of a storage room. Defendant said he did not go into the storage room; he went into an open bathroom on the same property. The Amarillo Court decided defendant did not commit trespass because the open bathroom was not posted with a "do not enter" sign. The Amarillo Court expressly pointed out:

It is important to remember that appellant is not contending he trespassed at the location of the forcibly opened door into the storage room. Instead, he contends and presented evidence that he entered an open bathroom located in either the same or an adjacent building, with a separate outside entry way.

*Ortiz*, 626 S.W.2d at 589. This statement from *Ortiz* seems to conflict with our holding in both *Johnson* cases. If it does, we disagree with it.

### B. Was There Any Evidence Appellant Was Guilty Only Of The Lesser Offense?

Even if trespass of adjacent property were a lesser included offense to burglary of a building, the trial court was still faced with one more question: Was there any evidence appellant was guilty only of the lesser offense? We say no.

Appellant did not take the stand in this case nor did he call any witnesses. Appellant's attorney, through cross-examination, tried to raise the possibility that appellant threw a brick at Villarreal's wall that broke the glass bricks. The evidence, however, does not permit that hypothesis. Villarreal and Officer Karlock both said it was not possible to throw a brick up and over the air-conditioning stand with enough force to break the glass bricks. Villarreal said the banging sound he heard was not like the sound of "chunking of a rock." After each of the two calls, the officers found one glass brick broken. The two broken glass bricks were adjacent to one another.

Appellant's attorney tried to get the witnesses to admit the sound they heard could have been the sound of breaking glass bottles. There is no evidence in this record that supports this explanation. Villarreal testified he felt the vibrations and heard someone banging against the glass brick wall. He said he could tell the difference between the sounds of breaking glass bottles and breaking thick glass bricks.

Appellant's attorney also tried to get the witnesses to admit someone else might have broken the glass bricks before appellant was in the alley and appellant broke only glass bottles. The evidence does not support this theory. Very little time elapsed from the time Villarreal heard the banging on the glass bricks to the police response to his call. Villarreal heard someone breaking the glass bricks "a little after 3 A.M." and immediately called the police. The dispatcher called Officer Karlock at 3:16 a.m. Officer Karlock, who was already close by, was on the scene less than a minute later. Villarreal was still on the telephone with the dispatcher when he heard the shot that wounded appellant. From this evidence, it is not reasonable that anyone else but appellant was responsible for breaking the glass bricks.

■ There is no evidence in the record that shows appellant, if guilty, was guilty only of the lesser offense of criminal trespass.

To summarize our holding: Criminal trespass of adjacent property is not a lesser included offense of attempted burglary of a building; but, even if it were, there is no evidence appellant, if guilty, was guilty only of the lesser offense.

We overrule the first point of error.

## II. THE SUFFICIENCY OF THE EVIDENCE

In points of error 10 and 11, appellant challenges the sufficiency of the evidence to prove both intent to commit theft and entry into the building. In point of error 12, appellant contends the evidence does not exclude all reasonable hypotheses other than appellant's guilt.

When we review the sufficiency of the evidence, we look at it in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App. 1984). When appellant raises a sufficiency question, the issue is whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986). The standard is the same for both direct and circumstantial evidence. *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984). The circumstances must exclude every other reasonable hypothesis except the guilt of the appellant. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984).

The Texas Court of Criminal Appeals stated:

[I]n a prosecution for burglary, the intent to commit theft may be inferred from the circumstances. Further, an entry made without consent in the nighttime is presumed to have been made with intent to commit theft.

*Mauldin v. State*, 628 S.W.2d 793, 795 (Tex.Crim.App.1982); *see also Solis v. State*, 589 S.W.2d 444, 446 (Tex.Crim.App. 1979).

■ Appellant contends the presence of burglar bars inside the glass bricks makes the presumption of night time entry inapplicable. Appellant cites no cases supporting this argument, nor is there evidence in

the record rebutting the presumption. We find the evidence is sufficient to show appellant's intent to commit theft.

Appellant also argues it is possible someone else broke the glass bricks. No one else was in the dead-end alley at the time Officer Karlock heard the sound of breaking glass. Because the officers responded to the call immediately, it was not reasonable to conclude someone else broke the glass brick and left before appellant wandered into the alley.

■ After the officers identified themselves and told him to freeze, appellant ran. Although flight alone is not enough evidence of guilt, flight raises an inference of guilt. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex.Crim.App.1981) (op. on reh'g).

We find the evidence sufficient to show appellant broke the glass brick and to exclude all reasonable hypotheses except that of appellant's guilt.

We overrule appellant's tenth, eleventh, and twelfth points of error.

## III. THE RIGHT TO RECALL A WITNESS.

In points of error two, three, four, five, and six, appellant argues the trial court erred in denying him the right to recall Officer Chide.

The State called Officer Chide to testify in its case in chief. Officer Chide testified about the struggle between appellant and Officer Putnal over the gun. Appellant cross-examined Officer Chide. Officer Putnal testified after Chide about the same incident. After Officer Putnal's testimony, appellant asked to recall Officer Chide to question him about his report on the shooting. The trial court refused to permit appellant to recall the officer.

Tex.R.Crim.Evid. 103, *Rulings of Evidence*, states:

(a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

\* \* \* \* \* \*

(2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

■ We hold the trial court erred when it refused to permit appellant to recall Officer Chide. *Craig v. State*, 594 S.W.2d 91, 95 (Tex.Crim.App.1980).

■ In order to prove harmful error in the exclusion of evidence, a party must preserve the excluded evidence in a bill of exception or offer of proof. Appellant did not make a bill of exception and, therefore, waived the error. *Craig*, 594 S.W.2d at 96; *see also Easterling v. State*, 710 S.W.2d 569, 578 (Tex.Crim.App.1986).

Appellant argues he, in effect, made a bill when he asked the court to permit him to recall Officer Chide:

The only officer that I really intend on calling is Officer Chide, due to the fact that he has given some surprise testimony here concerning the shooting, and Officer Chide made the report. I think that as a rebuttal witness to his [Putnal's] testimony I have a right to recall Officer Chide

\* \* \* \* \* \*

The only chance or opportunity I want is to recall Officer Chide concerning the issues that he's brought up concerning the shooting. I think we'll find that Officer Chide made a report where he made several statements concerning the shooting and facts concerning how the gun came from the holster, and I think that I can rebut this man's testimony.

■ This does not amount to a bill of exceptions. Rule 52(b) defines an informal bill as a concise statement of the offer, made out of the presence of the jury, which may be in question and answer form. Tex. R.App.P. 52(b). In *Hurd v. State*, 725 S.W.2d 249, 253 (Tex.Crim.App.1987), the court held a defendant's bill satisfied the requirement of rule 52(b) because it included: (1) the questions he would have asked the witness, (2) the answers he might have

received, and (3) the purpose of the testimony.

In *Moosavi v. State*, 711 S.W.2d 53, 55 (Tex.Crim.App.1986), the court dispensed with the formal requirements in making an offer of proof. The Court of Criminal Appeals merely requires defendant to preserve some statement in the record that shows what the intended testimony would have been and the purpose of the testimony. *Id.* at 55–56. In *Gutierrez v. State*, 764 S.W.2d 796 (Tex.Crim.App.1989), the court held it was not necessary for defendant's attorney to ask specific questions to make a bill of exceptions. The conversation between the defense attorney and the trial judge in *Gutierrez* clearly showed what defendant wanted to prove and the purpose of the testimony.

Here, appellant said he wanted to ask Officer Chide some questions about the shooting that he could use to rebut "this man's testimony." We can only assume "this man" referred to Officer Putnal. Appellant did not tell the trial court, however, how rebutting Officer Putnal's testimony about the shooting incident would have helped prevent his conviction for burglary. Appellant did not show harm.

The conviction rests firmly on the evidence. Four officers testified at trial. If appellant had been permitted to rebut Officer Putnal's testimony about the shooting, it would not have lessened the impact of the evidence that established appellant's guilt. We find the trial court's error in refusing to permit appellant to recall Officer Chide to be harmless error beyond a reasonable doubt. Tex.R.App.P. 81(b)(2).

We overrule points of error two, three, four, five, and six.

## IV. JURY ARGUMENT.

In his seventh and eight points of error, appellant claims the prosecutor made impermissible jury arguments.

The Court of Criminal Appeals has identified five areas of permissible jury argument: summation of evidence, reasonable deductions from evidence, response to defendant's argument, plea for law enforcement, and invited argument. *Albiar v. State*, 739 S.W.2d 360, 362 (Tex.Crim.App. 1987). This Court cannot reverse for improper jury argument unless the argument is extreme, manifestly improper, or injects new and harmful facts into the trial proceeding. *McKay v. State*, 707 S.W.2d 23, 36 (Tex.Crim.App.1985).

### A. Argument Beyond Permissible Scope.

In his seventh point of error, appellant contends the prosecutor's jury argument was an impermissible plea for a verdict based on the expectations and demands of the community. As part of his argument under his eighth point of error, appellant argues the plea for law enforcement exceeded the scope of proper argument. We will consider these points together.

The prosecutor's argument about which appellant complains in his seventh point is:

Ladies and gentlemen ... I submit that verdict is guilty in this case. You will send that message to the community. You are the conscience of Galveston County. I like to compare you to judges. Judge Harris has a robe on. You are 12 persons without robes, but you are judges. You judge the facts of a case and your judgments are read in the papers. Your judgments circulate through the community. Your judgments circulate through the criminal underworld in this community and they say, "Well, another one slid." [Emphasis added.]

Appellant contends the argument injects new facts by asking the jury to yield to the influence of the community in returning a verdict of guilty. We disagree.

This argument is similar to arguments asking the jury to be the voice of the community, which have been upheld as proper pleas for law enforcement. *See Goocher v. State*, 633 S.W.2d 860, 864 (Tex. Crim.App.1982) ("do what needs to be done to send these types of people a message to tell them we're not tolerating this type of behavior in our county"); *Brown v. State*, 508 S.W.2d 91, 96 (Tex.Crim.App.1974) ("the members of the jury will become a part of law enforcement ... and will be the voice of conscience of the people of this County and State").

The Court of Criminal Appeals has distinguished between arguments "asking the jury to lend an ear to the community rather than a voice." *Prado v. State*, 626 S.W.2d 775, 776 (Tex.Crim.App.1982). In asking the jury to lend an ear to the community, the prosecutor is asking the jury to find defendant guilty for reasons outside the record. In asking the jury to be the voice of the community, the prosecutor is merely asking the jury to articulate its disapproval of defendant's conduct. The argument in this case was of the latter category, and was a proper plea for law enforcement.

The prosecutor's argument about which appellant complains in his eighth point is:

> You can send a message to the community. You can send a message to burglars and would-be burglars. You can send a message to police officers: "We will stand behind you. You put your life on the line for us at low wages at 3:30 in the morning chasing a burglar. He gets your weapon." You support those police officers. You've got the evidence to find this man guilty beyond a reasonable doubt, and I submit that that is the one verdict that you can return in this case and that you can live with.

Appellant contends the State's argument urged the jury to find him guilty of the offense "merely" because he fled and attempted to take the officer's weapon.

Although appellant objected to the argument at trial, the court did not rule on it. Any error, therefore, was waived. *Lewis v. State*, 664 S.W.2d 345, 349 (Tex. Crim.App.1984). A party's failure to preserve error in an argument waives harm, unless the argument was so prejudicial no instruction could cure it. *See Green v. State*, 682 S.W.2d 271, 295 (Tex.Crim.App. 1984). This argument was part of a plea to the jury to be the voice of the community and was not prejudicial.

We overrule the seventh point of error and part of the eighth point of error.

**B. Plea For Law Enforcement At Guilt Stage.**

In his eighth point of error, appellant also asks this Court to rule that a plea for law enforcement is improper at the guilt stage of the trial. Appellant urges this Court to make a distinction between arguments that are appropriate at guilt stage and those that are appropriate at the punishment stage. He contends a plea for law enforcement at the guilt stage injects harmful facts unrelated to the appellant's guilt in the trial. The Court of Criminal Appeals has not made such a distinction, and we decline to make one. *See Albiar v. State*, 739 S.W.2d at 362; *Goocher v. State*, 633 S.W.2d at 864.

We overrule point of error eight.

## V. OBJECTION TO THE TESTIMONY.

Appellant's ninth point of error asserts the trial court erred in overruling his objection to Officer Karlock's testimony that "quite a few burglar suspects wear gloves." The prosecutor elicited the testimony from Officer Karlock by asking him about his experience with other burglary investigations. Appellant argues the testimony was an attempt to prove his intent to commit burglary by the conduct of other burglars.

We believe the evidence was admissible; but even if the trial court erred in admitting the testimony, the error was harmless. The officers saw appellant at the scene of the burglary as it occurred. As soon as the officers identified themselves, appellant jumped over a six-foot wall and ran. The officers caught appellant three different times during his immediate flight from the area. Even after sustaining a gunshot wound, appellant attempted to flee the scene of the crime. We find, beyond a reasonable doubt, any error did not contribute to appellant's conviction. Tex.R.App.P. 81(b)(2).

We overrule appellant's ninth point of error.

We affirm the judgment of the trial court.