**The STATE of Texas, Appellant,**

v.

**Fernando Delgado RIOS, Appellee.**

**No. A14–92–00631–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 19, 1993.

Rodney W. Anderson, Brenda Baily, Bryan, for appellant.

D. Brooks, Cofer, Jr., Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and ELLIS, JJ.

**OPINION**

ELLIS, Justice.

On July 1, 1993, this court issued an opinion affirming the judgment of the County Court at Law No. 2 of Brazos County, Texas. The State filed a motion for rehearing on July 12, 1993 and the court denied the motion on July 15, 1993. On August 5, 1993, the State filed a petition for discretionary review. In its petition, the State's first ground for review contended that "The Court of Appeals has decided an important question of State law in conflict with a decision of the Supreme Court of the United States." We agree.

On June 28, 1993, the U.S. Supreme Court in *U.S. v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556, rendered an opinion which overruled *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548. Our holding in our opinion, filed on July 1, 1993, was based on the application of *Grady*. Therefore we, on our own motion, withdraw our opinion of July 1, 1993, and reconsider and correct our opinion and judgment. We do this pursuant to TEX.R.APP.P. 101 (Vernon Supp.1992).

Rule 101—Reconsideration on Petition for Discretionary Review.

Within fifteen days after a petition for discretionary review to the Court of Criminal Appeals has been filed with the Clerk of the Court of Appeals which delivered the decision, a majority of justices who

participated in the decision may summarily reconsider and correct or modify the opinion or judgment of the court and shall cause the clerk to certify a copy thereof and include it among the materials forwarded to the Clerk of the Court of Criminal Appeals in accordance with Rule 202(f). See Rule 202(j).

The U.S. Supreme Court in *Dixon*, overruled *Grady* because it contradicts an unbroken line of decisions, contained less than accurate historical analysis, and has produced confusion. This means that the standard to be used to decide whether there is a double jeopardy bar to additional punishment and successive prosecution is the *Blockburger Test* which was used before *Grady*. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

The instant case is an appeal by the State from an order granting Fernando Rios' motion of a special plea in jeopardy to dismiss an information charging him with driving while his driver's license was suspended. Appellee's motion alleged that the State's cause of action was barred by the double jeopardy clause of the United States and the Texas Constitutions. We reverse and remand.

In the State's sole point of error, it asserts that the trial court erred in granting appellee's plea in jeopardy, thus barring prosecution of the offense of driving while license suspended. On April 28, 1990, appellee was arrested and charged with two (2) offenses that arose from the same transaction, driving while intoxicated, (DWI), a felony, and driving while license suspended (DWLS), a misdemeanor. On June 10, 1991, appellee was tried and acquitted of the DWI offense. Now the State attempts to try appellee on the DWLS offense. Prior to trial on the DWLS charge, appellee filed a special plea in jeopardy on the theory that the DWLS prosecution was barred by double jeopardy based on the prior DWI acquittal. An evidentiary hearing was held before the trial court. The

trial court granted appellee's special plea and that the prosecution on the DWLS information be barred as a matter of law on the grounds of double jeopardy. The granting of the special plea is the basis of this appeal by the State.

Appellee asserted in the trial court that a DWLS prosecution would violate his double jeopardy rights because the State would be required to prove conduct already established in the DWI trial. Appellee cited the trial court to *Grady*, where the Supreme Court held that the charges of driving while intoxicated and failing to keep to the right of the median precluded a trial for reckless manslaughter and assault stemming from the same conduct. On the date of the hearing the trial court did not have the benefit of the holding in *Dixon*, overruling *Grady*.

The double jeopardy clause embodies three protections: It protects against another prosecution for the same offense after acquittal; it protects against another prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Here, we ask if the prosecution for DWLS is barred by an acquittal for DWI.

The *Blockburger* test requires us to determine whether the offenses of DWLS and DWI require proof of an element that the other does not. If the test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, *Blockburger* bars the later prosecution.

The elements of the offense of DWLS and DWI are set out below.

| DWLS | DWI |
|---|---|
| (1) a person | (1) a person |
| (2) drive or operates | (2) drive or operates |
| (3) motor vehicle | (3) a motor vehicle |
| (4) in a public place | (4) in a public place |
| (5) while driver's license was suspended | (5) while intoxicated |

Applying *Blockburger*, each offense requires proof of an element that the other does not. DWLS requires proof of the element that the driver's license was suspended.

Driving while intoxicated requires proof of the element of intoxication. Thus, under the first part of the *Blockburger* test these offenses are not barred by double jeopardy.

The second part of the *Blockburger* test is whether one offense is a lesser included offense of the other. Article 37.09 of the Texas Code of Criminal Procedure defines a lesser included offense as one that:

(1) is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981). *Johnson v. State*, 773 S.W.2d 721, 724 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). Thus, under article 37.09, DWLS is not a lesser included offense of DWI.

We find that, under the *Blockburger* test, double jeopardy does not bar prosecution for the DWLS charge. The State's point of error is sustained.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.