Affirmed and Opinion filed May 16, 2002









Affirmed and Opinion filed May 16, 2002.

 

In The

 

Fourteenth Court of Appeals

                                                    ____________         

 

NO.
14-01-00585-CR

____________

 

WILLIE J. MCNULTY, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 337th District Court

Harris County, Texas

Trial
Court Cause No. 856, 490

 



 

O
P I N I O N

Over
a plea of not guilty, a jury convicted appellant of burglary of a
habitation.  Appellant pleaded true to
two enhancement paragraphs, and the trial court assessed punishment at thirty
years incarceration in the Texas Department of Criminal Justice, Institutional
Division.  Appellant raises two issues on
appeal: (1) the evidence is factually insufficient to support his conviction
and (2) the trial court erred in denying a jury charge on the lesser included
offense of criminal trespass.  We affirm
the judgment of the trial court.








I.  Facts
Adduced at Trial

Complainant,
Kathleen Schumacher, testified she was home alone late one evening when she
heard a soft knock on her front door. 
She looked out the window and saw appellant standing at the door.  Although the door was locked, complainant was
afraid because she did not recognize appellant. 
She did not answer the door and did not turn on the porch light. 

In
an attempt to get a good description of appellant, she looked at him for about
five minutes while he was standing on her front porch.  Complainant then got her cordless telephone
from an adjacent room and called 911.[1]  Keeping the emergency operator on the line,
complainant returned to the window. 
Appellant was still standing at the door, and he knocked on the door a
second time.  Because appellant had not
left after standing at the door for approximately ten minutes, complainant
became even more fearful, retreated to a small bathroom, and closed the door.             

Complainant
looked out the bathroom window and saw a car in her driveway that she did not
recognize.  The 911 operator told her to
lock the bathroom door, but there was no lock. 
Complainant attempted to secure the door by placing her foot against
it.  She then heard appellant enter her
home, testifying that she heard a noise Alike the door opened, a big pop.@  From the bathroom,
complainant could hear appellant walking through her home and opening various
interior doors.  Appellant then kicked
the bathroom door, and complainant screamed. 
Appellant ran out of her home.  








The
arresting officer testified that, as he approached complainant=s
home, he saw appellant walk from the front door area of her home and get into
his car.  Appellant attempted to flee,
but as he was backing out of the driveway, a police vehicle was entering the
driveway, and he could not escape. 
Appellant was placed under arrest. 


Two
of appellant=s gloves were found at the sceneCone inside his car, and the other near complainant=s
front door on the porch.  Police also
recovered a Apry bar@[2] in complainant=s yard near the front porch. 
Immediately after appellant was taken into custody, complainant
identified him as the person she had seen at her home.  

At
trial, appellant testified in his own defense, claiming he was on his way to a
pool hall and took a wrong turn, when suddenly, his car died.  He pulled into complainant=s
driveway and got out to fix the car, taking his gloves and a Ajack-hammer@
with him.  He put on his gloves and,
using his jack-hammer, began to work on the car when police shined a light on
him.  Leaving his gloves and his
jack-hammer near the front of his car, he then attempted to start it, and
police drove in behind him.  Two officers
drew their weapons and arrested appellant. 
Appellant testified that he was only on complainant=s
driveway for five to ten minutes and never even went to her door, much less
into her home.  

II. 
Sufficiency of the Evidence

a)  Standard of Review








In reviewing factual sufficiency challenges, appellate courts
must determine Awhether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak
as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.@ 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Evidence is factually insufficient if (1) it
is so weak as to be clearly wrong and manifestly unjust, or (2) the adverse finding
is against the great weight and preponderance of the available evidence.  Id. The Johnson court
reaffirmed the requirement that Adue deference must be accorded the
fact finder's determinations, particularly those determinations concerning the
weight and credibility of the evidence.@ 
Id. at 9.  We are mindful,
however, that due deference is not absolute deference.  Id. at 7.

b)  Discussion 

Appellant
contends the evidence is factually insufficient to support the verdict against
him.  Specifically, he argues that the
State failed to show that appellant entered complainant=s
home, and even if he had, there was no evidence offered of intent to commit
theft.  We disagree.  

A
person commits the offense of burglary of a habitation if, without the
effective consent of the owner, the person enters the habitation with intent to
commit a felony, theft, or assault.  Tex. Pen. Code Ann. '
30.02(a)(1) (Vernon Supp. 2001). 
Specific intent to steal or commit theft may by inferred from the
accused=s
conduct and surrounding circumstances.  Mattiza
v. State, 801 S.W.2d 195, 197 (Tex. App.CHouston [14th Dist.] 1990, pet.
ref=d).


Complainant
was able to observe appellant standing at her front door for several
minutes.  After retreating into her
bathroom, she heard her locked front door Apop@ open.  She also heard
someone walking from room to room in her home. 
Once appellant heard complainant scream, he fled.  

As
the arresting officers approached complainant=s home, they witnessed appellant coming from the area of her
front door.  Although appellant claimed
that his car suffered a mechanical breakdown, necessitating the stop in
complainant=s driveway, he attempted to flee in his car.  And, after appellant=s
arrest, complainant was able to identify him as the man she had seen standing
at her front door.  








Although
appellant testified that he never approached complainant=s
door, and never  entered her home, the
jury was entitled to disbelieve his testimony. 
See Johnson v. State, 23 S.W.3d at 9.  Moreover, they were free to reject appellant=s
explanation about the Apry bar@ and the gloves.  See
id.  Additionally, the jury
could have drawn an inference that the existence of those items at the scene
bore directly on appellant=s intent to commit theft. 
See Wilkerson
v. State, 927 S.W.2d
112, 115 (Tex. App.CHouston [1st Dist.] 1996, no pet.) (holding that possession
of gloves and a flashlight negated any inference of a lawful entry into grocery
store at night); see also
Turk v. State, 867 S.W.2d 883, 887 (Tex. App.CHouston [1st Dist.]
1993, pet. ref=d) (finding appellant=s nighttime entry of a habitation and forcible entry factors
from which a finder of fact could infer burglarious intent);  McGee v. State, 923 S.W.2d 605, 608 (Tex. App.CHouston [1st Dist.] 1995, no pet.) (finding flight from scene indicative of
burglarious intent).  

c)  Holding

Viewing
all of the evidence in a neutral light, we conclude that the verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  See  Clewis v. State, 922 S.W.2d 126, 131 (Tex. Crim. App. 1996).  Nor is the proof
of guilt so obviously weak as to undermine the confidence in the jury=s
verdict; that is, the proof of guilt is not greatly outweighed by the contrary
proof.  See Johnson v. State, 23
S.W.3d at 9-12.  Therefore, we conclude
that the evidence was sufficient to sustain the jury=s
verdict.  Accordingly, appellant=s
factual sufficiency challenge is overruled. 


II.  Lesser
Included Offense

In
his second issue on appeal, appellant complains the trial court erred by
failing to charge the jury on the lesser included offense of criminal
trespass.  

a)  Legal Background

The
Court of Criminal Appeals has held that criminal trespass may be a
lesser-included offense of burglary of a habitation.  Day v. State, 532 S.W.2d 302, 306 (Tex. Crim. App. 1975).  However,
entitlement to a jury instruction on a lesser included offense must be made on
a case‑by‑case basis according to the particular facts.  Johnson v. State, 915 S.W.2d 653, 657 (Tex. App.CHouston [14th Dist.]1996, pet. ref=d).  








There
is a two‑pronged test to determine whether a jury must be charged on a
lesser included offense:  (1) the lesser
included offense must be included within the proof necessary to establish the
offense charged, and (2) some evidence must exist in the record that would
permit a jury rationally to find that if the defendant is guilty, he is guilty
only of the lesser offense.  Solomon
v. State, 49 S.W.3d 356, 369 (Tex. Crim. App.
2001).  If the answer to both questions
is Ayes,@
the trial court must submit the charge of the lesser included offense.  Johnson v. State, 773 S.W.2d 721, 725 (Tex. App.CHouston [1st Dist.] 1989, pet. ref=d).  

Article
37.09(1) defines a lesser included offense as one Aestablished
by proof of the same or less than all the facts required to establish the
commission of the offense charged.@  Tex. Code Crim. Proc. Ann. art. 37.09(1) (Vernon 1981).  A lesser included offense is determined by
looking at (1) the elements of the charged offense, (2) the elements of the
offense sought as a lesser included offense, and (3) the proof presented at
trial to show the elements of the charged offense.@  Jacob v. State, 892 S.W.2d 905, 907-08
(Tex. Crim. App. 1995). 

Here,
the Aoffense
charged,@
as alleged in the indictment, provides in pertinent part:  appellant, Aon or about September 24, 2000, did then and there unlawfully,
with intent to commit theft, enter a habitation owned by [complainant], a person
having a greater right to possession of the habitation than [appellant] . . .
without the effective consent of the Complainant, namely, without any consent
of any kind.@  

Thus,
to determine whether appellant was entitled to a charge of a lesser included
offense, we compare the elements of the charged offense to the lesser offense
and find whether the State was required to prove the lesser in order to prove
the greater.  See id.  Accordingly, the elements of burglary of
a habitation are: (1) entry of a habitation, (2) without consent of the owner,
(3) with intent to commit theft.  Tex. Pen. Code Ann. ' 30.02(a)(1)
(Vernon 1994).  And, a person commits the
offense of criminal trespass if he enters or remains on property of another
without effective consent of the owner.  Id.
'
30.05.  








b)  Analysis

In
support of his argument for a lesser included offense instruction, appellant
points out that the complainant admitted that she never saw anyone in her
house.  She only heard noises and she
could not say that appellant was the person in her house.  Based on the complainant=s
inability to say with certainty who was in her house or if someone was in her
house, and appellant=s testimony that he did not enter the house, appellant claims
the instruction was warranted.  However,
this testimony would not warrant a lesser included offense instruction.  As noted earlier, Appellant was charged with
burglary of complainant=s home.  The State had to
prove entry into complainant=s habitation, not entry on her driveway.  Proof of entry onto her drivewayCwhich
could help prove criminal trespassCwas not an element of the State=s case against appellant for burglary of a habitation.  Therefore, under the facts of this case, an
instruction on criminal trespass was not required because the State was not
required to prove entry into complainant=s driveway to show burglary of her home.  See Jacob, 892 S.W.2d at 907-08; see
also Johnson, 773 S.W.2d at 725-26 (holding that criminal trespass of an
adjacent private alley is not a lesser offense to burglary of a building).  Therefore, the first prong of the test is not
met.  Johnson, 773 S.W.2d at
725-26.  

Appellant=s
second issue for review is overruled.  

Conclusion

The
judgment of the trial court is affirmed. 


 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment rendered and Opinion filed May
16, 2002.

Panel consists of Justices Hudson, Fowler,
and Edelman.

Do Not Publish C
Tex. R. App. P. 47.3(b).











[1]  There was
testimony that the 911 dispatcher told one of the officers that the burglary
suspect was possibly a bald, white male, but appellant is neither bald nor
white.  However, appellant=s Abooking photograph@ shows
that he is a very light-skinned African-American and his hair was extremely
short, as if his head had been recently shaved. 






[2]  In his
testimony, appellant refers to the Apry bar@ as a Ajack-hammer.@