Terry SHERRILL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 44723.

Missouri Court of Appeals,
Western District.

March 10, 1992.

Susan L. Hogan, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

PER CURIAM.

Appellant appeals from the denial, without an evidentiary hearing, of his counsel-amended Rule 24.035 motion seeking relief from his guilty plea convictions of rape and incest. The trial court's reason for summary dismissal of the motion was that his appointed attorney's amended and verified

motion was filed out of time. The court considered the pro se motion on its merits and denied the same without an evidentiary hearing.

We remand the case for a determination upon an evidentiary hearing whether movant was essentially abandoned by his appointed counsel whose duty it was, after making the inquiry and investigation called for by subparagraphs (e) and (f) of Rule 24.035, to file an amended and verified motion.

Movant timely filed his pro se Rule 24.-035 motion. The court on July 19, 1990 appointed the public defender's office to represent movant. District Public Defender, Timothy D. Ernst, undertook representation of movant. He did not file an amended motion within the 30 days allowed for the purpose by subparagraph (e). Two days before the expiration of the 30–day period, Mr. Ernst on August 17, 1989, filed an application for a 30–day extension of time, at the same time filing an application to withdraw as movant's counsel. The attorney's withdrawal was allowed, but the application for an extension of time for filing movant's amended motion was never ruled upon.

On August 21, Appellate Defender David Durbin entered his appearance as movant's counsel. Only on October 17, 1990—almost 60 days later—did the new attorney file an amended and verified motion.

The trial court, as noted above, dismissed the amended motion without an evidentiary hearing because it was not timely filed.

The trial court should determine upon an evidentiary hearing whether movant's appointed counsel, in failing to file a timely amended motion, essentially abandoned movant by the standards of *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991); *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991); and *State v. White*, 813 S.W.2d 862 (Mo. banc 1991). Should the court determine upon such evidentiary hearing that movant was abandoned by counsel, then the court should proceed to consider the motion upon its merits as timely filed. If the evidentiary hearing should disclose that counsel had not made the inquiry and investigation called for by subparagraphs (e) and (f) of Rule 24.035, further amendment of the motion should be allowed. We suppose *Luleff* would not require the appointment of new counsel in this case, although the court could in its discretion appoint new counsel if the hearing should indicate the wisdom of that course. The appointment of new counsel is not required in every case. *See, e.g., Sanders, supra.*

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.

All concur.