Washington-SK v. St 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-212-CR

     SHAWN KIMBLE WASHINGTON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 179th District Court
Harris County, Texas
Trial Court # 651,776
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Washington appeals his conviction for aggravated robbery, enhanced, for which he
was sentenced to 80 years in prison.
      On December 7, 1992, Lorie Arnett arrived at her apartment complex about 8:30 p.m. At
the entrance she saw a car in the middle of the street. Other cars were parked on both sides of that
car so that she could not drive into the complex. The car in the middle of the street backed up
toward her and stopped. Three men in the car jumped out with pistols in their hands. Appellant
went to the driver's side and pointed his pistol at Ms. Arnett. Another man went to the passenger
side window and a third man went to the rear of the car. Appellant tapped the window with his
pistol and told Ms. Arnett to unlock the door. After she unlocked the door, Appellant told her to
get out and leave her purse in the car. Appellant hit Ms. Arnett in the back knocking her to
ground and told her to get away from there. The men then drove away in her car. Ms. Arnett
called the police and later identified Appellant at a lineup and again at trial. Appellant's
fingerprints were found on a laminated newspaper article in the car.
      Appellant was indicted, convicted, a prior felony conviction was found to be there, and he was
sentenced to eighty years in prison. The trial court further found that a deadly weapon was used
during the commission of the offense.
      Appellant appeals on nine points of error.
      Point one: "The trial court committed an abuse of discretion in overruling Appellant's motion
for a new trial on the grounds of newly discovered evidence."
      Appellant asserted that the testimony of Steve Mitchell (one of the assailants) was not
available at trial because Mitchell stated if he was called to testify in Appellant's trial (which was
to occur before Mitchell's), he would claim the Fifth Amendment privilege and not offer
testimony. Mitchell's testimony, which would be that Appellant did not participate in the crime,
was known to Appellant by way of a letter. Appellant's attorney did not attempt to introduce the
letter at trial because she could not prove that Mitchell wrote it.
      Motions for new trial based on newly discovered evidence are not favored by the courts and
are viewed with great caution. Drew v. State, 743 S.W.2d 207, 225-226 (Tex. Crim. App.). To
show that the trial court abused its discretion in not granting a new trial, the record must reflect: 
(1) the newly discovered evidence was unknown to the movant at the time of trial; (2) the movant's
failure to discover the evidence was not due to his want of diligence; (3) the materiality of the
evidence is such as would probably bring about a different result in another trial; and (4) the
evidence is admissible and not merely cumulative, corroborative, collateral or impeaching. Moore
v. State, ___ S.W.2d ___ (Tex. Crim. App. June 29, 1994); Tex. R. App. P. 20(b)(6).
      Mitchell was a convicted felon before the commission of the present crime. He admitted to
having changed his story by giving different versions about his participation.
      In considering a motion for new trial, the trial judge has broad discretion in assessing the
credibility of witnesses and in weighing the evidence to determine whether a different result would
occur on retrial. Messer v. State, 757 S.W.2d 820, 827 (Tex. App.—Houston [1st Dist.]). 
Moreover, Mitchell's evidence was merely cumulative, corroborative and impeaching. Appellant
put on evidence at trial that he was not at the scene of the robbery, although he had been positively
identified by Ms. Arnett. The trial judge did not abuse his discretion in overruling Appellant's
motion for a new trial based on newly discovered evidence.
      Point one is overruled.
      Point two: "The trial court committed reversible error in admitting evidence of an extraneous
offense that Appellant, a convicted felon for a crime of violence (aggravated assault with a deadly
weapon) was in possession of firearm upon his arrest by the police."
      Appellant contends that the trial judge should not have admitted testimony in the guilt-innocence phase that a pistol was found upon Appellant's arrest; and that this testimony constitutes
inadmissible evidence of an extraneous offense, i.e., possession of a firearm by a convicted felon.
      The jury was not told before or during the guilt-innocence phase that Appellant was a
convicted felon. Therefore, his possession of a firearm at his home, without more, did not
constitute evidence of an extraneous offense. Where evidence fails to show that an offense was
committed, evidence of an extraneous offense is not established. Harris v. State, 738 S.W.2d 207,
224 (Tex. Crim. App.).
      Point two is overruled.
      Point three: "The case should be reversed because, just before the State rested, the prosecutor
attempted to inject into evidence through the testimony of the arresting police officer that it was
the officer's opinion that a crucial defense witness, convicted co-defendant John Washington, was
not a truth teller."
      Appellant here contends his conviction should be reversed because a State's witness, Police
Sergeant Jammer, was asked his opinion as to the truthfulness of a defense witness:
THE STATE: Let me ask you this. Do you have an opinion as to whether
he is a truth teller? John Washington [a co-defendant]?
[APPELLANT'S COUNSEL]: I object.
THE COURT: Sustained.
[CO-DEFENDANT'S COUNSEL]: We would object to him urging to
impeach a witness who hasn't testified.
THE COURT: I sustained the objection.
[COUNSEL]: Request an instruction to disregard.
THE COURT: Disregard the last question.
[COUNSEL]: Request a mistrial.
THE COURT: Denied.
      Appellant's attorney's objection was sustained before Sergeant Jammer answered the question. 
In addition, any error was cured by the court's instruction to disregard. Gardner v. State, 730
S.W.2d 675, 696 (Tex. Crim. App.).
      Point three is overruled.
      Point four: "The trial court committed reversible error in overruling Appellant's objection
to the introduction of a gun (State's Exhibit 16) as the actual gun used in the commission of the
offense after the State offered it and it was admitted for demonstrative purposes solely as like or
similar to the firearm used in the commission of the offense." 
      Appellant contends that the trial court should not have allowed testimony by the arresting
officer, Sergeant Jammer, that a pistol, State's Exhibit 16, was found near Appellant during his
arrest. The gun had previously been admitted into evidence to show that it was like or similar to
the gun used during the robbery.
      Sergeant Jammer identified the previously admitted Exhibit 16 as "the pistol" found on a
couch between the pillows at the time of Appellant's arrest.
      The record does not show that the pistol was admitted into evidence as the gun used in the
robbery.
      Point four is overruled.
      Point five: "The trial court committed reversible error in overruling Appellant's request for
a jury instruction on eyewitness identification."
      Appellant requested the trial court to instruct the jury in its charge:
In considering whether or not the state has proved beyond a reasonable
doubt that the defendant is the person who committed the offense, you may
consider any one or more of the following:
(1)The witness's opportunity to observe the criminal acts and the
person committing them including the length of the encounters, the
distance between the various parties, the lighting conditions, the
witness's state of mind at the time of the offense, and other
circumstances affecting the witness's opportunity to observe the
person, or persons, committing the offense that you deem relevant.
(2)Any subsequent identification, failure to identify, or
misidentify by the witness, the circumstances surrounding the
identification, the certainty or lack of certainty expressed by
the witness, the state of mind of the witness at the time and
other circumstances bearing on the reliability of the witness's
identification that you deem relevant.
(3)Any other direct or circumstantial evidence which may
identify the person or persons who committed the offense
charged or corroborate or negate the identification of the
witness.
You must be satisfied beyond a reasonable doubt of the accuracy of the
identification of the defendant before you may convict him. If the circumstances
of the identification of the defendant are not convincing to you beyond a
reasonable doubt, you may find the defendant not guilty.
      In this case, Mrs. Arnett's ability to identify the defendants was sure. She was able to obtain
a clear, clear view of Appellant and his cohorts. She unequivocally identified Appellant at a
lineup and again in court.
      The trial court did not err in failing to give the special instruction requested.
      Point five is overruled.
      Point six: "The trial court committed reversible error in overruling Appellant's request for
a jury instruction in separate verdicts."
      Appellant was tried in this case with a co-defendant William Johnson. Counsel for Johnson
requested the following instruction be included in the charge:
In reaching a verdict, you must bear in mind that guilt is individual. Your
verdict as to each defendant must be determined separately with respect to him,
solely on the evidence, or lack of evidence, presented against him without
regard to the guilt or innocence of anyone else. You are asked to decide
whether or not the state has proven beyond a reasonable doubt the guilt of this
defendant, and you are not being asked whether any other person has been
proven guilty. Your verdict should be based, therefore, solely upon the
evidence, or lack of evidence, as to the defendant in accordance with my
instructions.
      The trial court submitted a separate verdict form for each defendant. Failure of the trial court
to give the requested instruction was not error.
      Point six is overruled.
      Points seven, eight, and nine assert the case should be reversed for a new punishment hearing
because the prosecutor made the following underlined arguments during the punishment phase.:
When you think of this defendant (Appellant), what you need to think of is
violence because that is everything we know about him is violence. When you
think of him also think about the people that have been victims of him.
      There was evidence that Appellant had assaulted his mother and his grandmother and had been
convicted of the assault.
      The argument was proper as a summation of the evidence and as a proper plea for law
enforcement.
      The prosecutor further argued:
During the guilt or innocence phase of the trial, you looked at the
defendant's rights and you protected those rights . . . But this is the portion of
the trial, actually the community portion of the trial. This portion of the trial
that you as a jury determine its worth in Harris County for someone to do a car
jacking with his type of priors, and everything that you know about this
particular defendant you are the ones that determine what its worth.
      First, no objection was lodged to the argument. Branson v. State, 825 S.W.2d 664 (Tex.
App.—Dallas).
      Second, the argument is a proper plea for law enforcement. Johnson v. State, 773 S.W.2d
721 (Tex. App.—Houston [1st Dist.]); Brown v. State, 508 S.W.2d 91 (Tex. Crim. App.).
      The prosecutor further argued:
Dorothy Evans (Appellant's mother) testified she threw the defendant out
because he was involved in illegal activity. Mrs. Evans testified that she had
told Sergeant Evans and Sergeant Jammer when they came to her house with a
warrant for defendant that she had kicked him out because he had taken part in
some illegal activity.
      The argument was a proper summation of the evidence.
      Points seven, eight, and nine are overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)


Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 22, 1995
Do not publish