IN THE
TENTH COURT OF APPEALS
 

No. 10-00-215-CR

     JEREMY ALLAN ANDREWS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law No. 1
Fort Bend County, Texas
Trial Court # 83383
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      On May 12, 2000, Jeremy Andrews was convicted of attempted theft and sentenced to sixty
days in jail. Andrews timely-filed a notice of appeal of his conviction.
      After the record was filed on appeal, we notified Andrews that his brief was past due. See
Tex. R. App. P. 38.6(a). Receiving no explanation for Andrews’ failure to file a brief, we abated
this cause to the trial court for a hearing to determine why no brief had been filed, whether
Andrews desired to proceed with the appeal, and whether Andrews is indigent. At the abatement
hearing, Andrews’ counsel suggested that the appeal had been delayed because Andrews, although
not indigent, had not paid for the prosecution of the appeal. Counsel stated that he did not know
whether Andrews’ financial situation had changed. The court reset the hearing and asked that
Andrews personally appear. Counsel stated that he was unable to contact Andrews, and the Court
reset the hearing a third time. 
      At the third hearing, Andrews and his counsel appeared. Andrews’ counsel stated that they
had made an agreement with the State and, as part of that agreement, Andrews would withdraw
his appeal. The State agreed on the record, as did Andrews and his counsel. Further, Andrews’
counsel stated that he would have a “written withdrawal of (the) appeal to the Court within an
hour.” A copy of the withdrawal of the appeal was never forwarded to this Court.
      Rule 42.2 provides that we may dismiss an appeal if the appellant withdraws his notice of
appeal. It further states that the appellant and his attorney must signed the written withdrawal and
then the appellate clerk must send a duplicate of the withdrawal to the trial court clerk. Tex. R.
App. P. 42.2(a). The Rules do not contemplate when the withdrawal is given to the trial court
upon abatement from the appellate court. 
      On the record, the Court questioned Andrews about his appeal:
. . . 
      The Court:   Mr. Andrews, you have heard what the plea is?
      Andrews:    Yes, sir.
      The Court:   Is there any reason that the Court should not enter–has anyone promised you
anything?
 
      Andrews:    No, sir.
      The Court:   You know you have the right to appeal this case?
      Andrews:    Yes, sir.
      The Court:   And you know we are here for the purposes–because the Appellate Court has
sent down an instruction to me to find out why no brief has been filed in your
case and whether you’ve decided to continue your appeal and whether you are
too indigent to appeal. Do you understand that? 
 
      Andrews:    Yes, sir.
 
      The Court:   And is it your desire to proceed in the appeal of this case?
 
      Andrews:    No, sir.
 
      The Court:   Are you telling the Court that you want to withdraw your appeal –
 
      Andrews:    Yes, sir.
. . .

      We have not issued a decision in this appeal. Both Andrews and his counsel asserted on the
record that Andrews wished to withdraw his notice of appeal. We find that this substantially
complies with the requirement that both the appellant and his attorney sign a "written withdrawal." 
Id. 
     This appeal is dismissed. 

                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal Dismissed
Opinion issued and filed June 27, 2001
Do not publish



: I sustained the objection.
[COUNSEL]: Request an instruction to disregard.
THE COURT: Disregard the last question.
[COUNSEL]: Request a mistrial.
THE COURT: Denied.
      Appellant's attorney's objection was sustained before Sergeant Jammer answered the question. 
In addition, any error was cured by the court's instruction to disregard. Gardner v. State, 730
S.W.2d 675, 696 (Tex. Crim. App.).
      Point three is overruled.
      Point four: "The trial court committed reversible error in overruling Appellant's objection
to the introduction of a gun (State's Exhibit 16) as the actual gun used in the commission of the
offense after the State offered it and it was admitted for demonstrative purposes solely as like or
similar to the firearm used in the commission of the offense." 
      Appellant contends that the trial court should not have allowed testimony by the arresting
officer, Sergeant Jammer, that a pistol, State's Exhibit 16, was found near Appellant during his
arrest. The gun had previously been admitted into evidence to show that it was like or similar to
the gun used during the robbery.
      Sergeant Jammer identified the previously admitted Exhibit 16 as "the pistol" found on a
couch between the pillows at the time of Appellant's arrest.
      The record does not show that the pistol was admitted into evidence as the gun used in the
robbery.
      Point four is overruled.
      Point five: "The trial court committed reversible error in overruling Appellant's request for
a jury instruction on eyewitness identification."
      Appellant requested the trial court to instruct the jury in its charge:
In considering whether or not the state has proved beyond a reasonable
doubt that the defendant is the person who committed the offense, you may
consider any one or more of the following:
(1)The witness's opportunity to observe the criminal acts and the
person committing them including the length of the encounters, the
distance between the various parties, the lighting conditions, the
witness's state of mind at the time of the offense, and other
circumstances affecting the witness's opportunity to observe the
person, or persons, committing the offense that you deem relevant.
(2)Any subsequent identification, failure to identify, or
misidentify by the witness, the circumstances surrounding the
identification, the certainty or lack of certainty expressed by
the witness, the state of mind of the witness at the time and
other circumstances bearing on the reliability of the witness's
identification that you deem relevant.
(3)Any other direct or circumstantial evidence which may
identify the person or persons who committed the offense
charged or corroborate or negate the identification of the
witness.
You must be satisfied beyond a reasonable doubt of the accuracy of the
identification of the defendant before you may convict him. If the circumstances
of the identification of the defendant are not convincing to you beyond a
reasonable doubt, you may find the defendant not guilty.
      In this case, Mrs. Arnett's ability to identify the defendants was sure. She was able to obtain
a clear, clear view of Appellant and his cohorts. She unequivocally identified Appellant at a
lineup and again in court.
      The trial court did not err in failing to give the special instruction requested.
      Point five is overruled.
      Point six: "The trial court committed reversible error in overruling Appellant's request for
a jury instruction in separate verdicts."
      Appellant was tried in this case with a co-defendant William Johnson. Counsel for Johnson
requested the following instruction be included in the charge:
In reaching a verdict, you must bear in mind that guilt is individual. Your
verdict as to each defendant must be determined separately with respect to him,
solely on the evidence, or lack of evidence, presented against him without
regard to the guilt or innocence of anyone else. You are asked to decide
whether or not the state has proven beyond a reasonable doubt the guilt of this
defendant, and you are not being asked whether any other person has been
proven guilty. Your verdict should be based, therefore, solely upon the
evidence, or lack of evidence, as to the defendant in accordance with my
instructions.
      The trial court submitted a separate verdict form for each defendant. Failure of the trial court
to give the requested instruction was not error.
      Point six is overruled.
      Points seven, eight, and nine assert the case should be reversed for a new punishment hearing
because the prosecutor made the following underlined arguments during the punishment phase.:
When you think of this defendant (Appellant), what you need to think of is
violence because that is everything we know about him is violence. When you
think of him also think about the people that have been victims of him.
      There was evidence that Appellant had assaulted his mother and his grandmother and had been
convicted of the assault.
      The argument was proper as a summation of the evidence and as a proper plea for law
enforcement.
      The prosecutor further argued:
During the guilt or innocence phase of the trial, you looked at the
defendant's rights and you protected those rights . . . But this is the portion of
the trial, actually the community portion of the trial. This portion of the trial
that you as a jury determine its worth in Harris County for someone to do a car
jacking with his type of priors, and everything that you know about this
particular defendant you are the ones that determine what its worth.
      First, no objection was lodged to the argument. Branson v. State, 825 S.W.2d 664 (Tex.
App.—Dallas).
      Second, the argument is a proper plea for law enforcement. Johnson v. State, 773 S.W.2d
721 (Tex. App.—Houston [1st Dist.]); Brown v. State, 508 S.W.2d 91 (Tex. Crim. App.).
      The prosecutor further argued:
Dorothy Evans (Appellant's mother) testified she threw the defendant out
because he was involved in illegal activity. Mrs. Evans testified that she had
told Sergeant Evans and Sergeant Jammer when they came to her house with a
warrant for defendant that she had kicked him out because he had taken part in
some illegal activity.
      The argument was a proper summation of the evidence.
      Points seven, eight, and nine are overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)


Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 22, 1995
Do not publish