**Rudolfo Contrerras ARIZMENDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–01114–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 28, 1991.

J.R. Seeman, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant was charged by indictment with the offense of aggravated robbery. The jury found appellant guilty of the lesser included offense of theft from a person. The jury also found that appellant used a deadly weapon during commission of the offense and that the enhancement paragraph of the indictment was true. They assessed punishment at ten years confinement in Texas Department of Criminal Justice, Institutional Division. We affirm.

The complainant, Darrell Nathan, was at the home of Lupe Moran. Appellant came to the door and argued with Lupe's brother Romero. Appellant told Romero that he was not going to kill him, and then struck Romero on the head with a small caliber black gun. Lupe and Romero quickly shut the door and began to argue.

Because he was concerned that appellant might still be lurking around, Nathan waited about thirty minutes while the Morans argued, then left. As he was leaving, Nathan saw appellant five or six feet away at the corner of the house. Appellant pointed

a gun at him and asked Nathan if he felt lucky. Not knowing which answer was safest, Nathan answered yes and no. Appellant replied that Nathan was lucky, removed the clip from the gun and ejected one round. He then put the round back into the clip and the clip back into the gun. He kept the gun in his hand and pointed at Nathan.

Appellant asked Nathan for a cigarette. When Nathan removed a cigarette case from his pocket, appellant told him he wanted the case and Nathan handed it to him. Appellant put the case in his pocket. Then appellant, who was shirtless, told Nathan he was cold and wanted the shirt-jacket Nathan was wearing. Nathan gave the jacket to appellant. He testified that he gave the cigarette case and the jacket to appellant because he was afraid of being shot.

Appellant told Nathan he was "going to keep him" and instructed Nathan to take him up the street. The men got into Nathan's truck. Although appellant put the gun in his pocket when he entered the truck, Nathan still feared for his life. They had driven a short way up the street when appellant saw someone he knew and told Nathan to stop. Appellant told Nathan to wait and got out to talk to someone. Nathan waited a while, then pressed the accelerator to the floor and fled to a nearby convenience store to call the police. When officers apprehended appellant, he was still wearing Nathan's shirt-jacket and carrying his cigarette case.

In his first point of error appellant contends the trial court erred by not granting his motion for instructed verdict. A challenge to the trial judge's ruling on a motion for an instructed verdict is a challenge to the sufficiency of the evidence. *Madden v. State*, 799 S.W.2d 683, 687 (Tex. Crim.App.1991). We must consider all the evidence, both state and defense, in the light most favorable to the verdict. If the evidence is sufficient to sustain a conviction, the trial judge did not err in overruling appellant's motion. *Id.*

Appellant complains that the only evidence concerning the elements of aggravated robbery was Nathan's testimony. From that testimony, a rational trier of fact could have found all the essential elements of aggravated robbery beyond a reasonable doubt. Thus, the trial court properly overruled appellant's motion for instructed verdict. Point of error one is overruled.

Appellant next challenges the sufficiency of the evidence to support the jury's verdict of guilty of the offense of theft from a person. Appellant asserts that the state was required to prove that the theft was committed without Nathan's knowledge. The state had no such burden. The Texas Penal Code provides that a theft occurs when a person unlawfully appropriates property with intent to deprive the owner of property. *Mattiza v. State*, 801 S.W.2d 195 (Tex.App.—Houston [14th Dist.] 1990, review ref'd) (construing TEX. PENAL CODE ANN. § 31.03(a) (Vernon 1989)). Contrary to appellant's assertion, *Mattiza* did not hold that theft from a person cannot include actual or threatened violence, the opinion merely clarified that such violence was not an element of the offense.

Appellant mistakenly argues that *Earls v. State*, 707 S.W.2d 82, 86 (Tex.Crim.App. 1986), held that Section 31.03 incorporates the "lack of knowledge" element required under article 1438 of the former penal code. *Earls* simply notes that Section 31.03 incorporates the former statute's "interest in punishing conduct which involves the risk of injury inherent in taking property from a person" by making such a theft a felony regardless of the value of the property taken. *Earls*, 707 S.W.2d at 86; TEX.PENAL CODE ANN. § 31.03(e)(4)(B) (Vernon Supp. 1991).

There is sufficient evidence from which the jury, as a rational trier of the facts, could have found each element of theft from a person beyond a reasonable doubt. Appellant's second point of error is overruled.

In his third point of error, appellant contends the trial court erred in overruling his objection to the inclusion of a special issue on use of a deadly weapon in the charge on punishment, since use of deadly weapon is not an element of the offense for which he was convicted.[1]

The Code of Criminal Procedure places limitations on court ordered probation. TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon 1979 and Supp.1991). Probation is automatically proscribed when a person is convicted of an offense that by its very nature contains an aggravating element. TEX. CODE CRIM.PROC.ANN. art. 42.12 § 3g(a)(1) (Vernon Supp.1991). Section 3g(a)(2), however, allows a jury or trial court to find that a defendant used or exhibited a deadly weapon during the commission of, or flight following, any offense. There is no requirement under Section 3g(a)(2) that use of a deadly weapon be an element of the offense. Appellant's third point of error is overruled.

Point of error four contends that appellant did not receive sufficient notice that the state would request a deadly weapon finding if appellant was convicted of a lesser included offense. We disagree. "Accused persons are only entitled to notice, in *some form*, that the use of deadly weapon will be a fact issue at the time of trial." *Grettenberg v. State*, 790 S.W.2d 613, 614 (Tex.Crim.App.1990). The indictment on which appellant was tried expressly alleges appellant placed Nathan "in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm." The Court of Criminal Appeals has held that, even where the only notice that the state would seek a deadly weapon finding was included in a voluntarily dismissed count of an indictment, there

---

1. Appellant's supplemental brief, filed the day of submission and without leave of this court, attempts to raise an additional point of error under the guise of supplemental argument and authority for his third point of error. The additional point argued in appellant's supplemental brief is not properly before this court for review. *Salazar v. State*, 773 S.W.2d 34, 40 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (Brown, C.J., concurring), citing *Coleman v. State*, 632 S.W.2d 616, 619 (Tex.Crim.App.1982).

was sufficient notice that the use of a deadly weapon would be an issue. *Id.* Appellant had sufficient notice that the state would seek an affirmative finding on the use of a deadly weapon. Point of error four is overruled.

◼ In his final point of error, appellant challenges the sufficiency of the evidence to support the jury's affirmative finding that appellant used a deadly weapon. The gun appellant used was described as a "firearm" and a "pistol", both of which are deadly weapons per se. TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974); *Gomez v. State,* 685 S.W.2d 333, 336 (Tex.Crim.App. 1985); *Giles v. State,* 617 S.W.2d 690, 691 (Tex.Crim.App.1981). The evidence was sufficient to allow the jury, as trier of the facts, to find beyond a reasonable doubt that the gun used by appellant was a deadly weapon. Appellant's fifth point of error is overruled.

The judgment of trial court is affirmed.