Affirmed and Memorandum Opinion filed September 16, 2004









Affirmed and Memorandum Opinion filed September 16,
2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00859-CR

____________

 

ERIC
WAYNE CHATHAM, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________________________

 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 919,412

_______________________________________________________________

 

M E M O R A N D U M   O P I N I O N

In six issues, appellant Eric
Wayne Chatham challenges his conviction for aggravated assault, alleging (1)B(2) the
evidence is legally and factually insufficient to support the conviction; (3)
the trial court erred in charging the jury on the special issue of use a deadly
weapon; and (4)B(6) the
trial court erred in admitting certain evidence.  We affirm.

I.  Factual and Procedural Background








In July
of 2002, appellant was a tow-truck driver for S&L Towing Company.  Late one weekend night, appellant arrived at
the scene of a traffic accident, along with several other competing tow-truck
drivers.  After the driver of the wrecked
vehicle asked appellant to tow her car, the other tow-truck drivers became
angry, slashed appellant=s tire,
verbally threatened the customer, and physically attacked appellant.  Because his tire was slashed, appellant could
not tow the customer=s car and
had to call a co-worker.  As a result,
appellant lost the commission he would have earned for towing the wrecked
vehicle.

The next Monday afternoon,
appellant went to a Discount Tire store to have his tire replaced.  Coincidentally, Jose Ruiz and Samuel Medina,
two of the other tow truck drivers involved in the fight the previous weekend,
were there also.  Appellant asked to have
the tire repaired under a road-hazard warranty. 
When appellant was told that the warranty did not cover slashed tires
and that he would have to pay for the repair himself, he became angry.  Appellant pointed to Ruiz and Medina and
shouted, AThem [expletive] right there
stabbed my tire.@  Appellant and the two men began arguing and
cursing at one another.

The store manager, Steven Gaines,
intervened.  He told appellant he would
replace the tire for free, even though it was not covered under the warranty,
and told appellant that the repaired tire would be ready the next day.  Appellant left the store but returned about
ten to fifteen minutes later.  Ruiz and
Medina, along with Heather Thornton, another store customer, were outside
smoking cigarettes.  Appellant backed his
truck into a parking space so that his truck was facing them.  At some point, appellant and Ruiz resumed
their argument, and Thornton reentered the store.








Witnesses testified that they
heard a loud sound, such as an engine being gunned, and then appellant=s tow
truck came crashing through the front of the store at a high rate of speed,
shattering a plate-glass window and hitting Thornton, who was sitting just
inside the window.  Thornton was thrown
over twenty feet through another plate-glass window and into the parking
lot.  Thornton suffered multiple
injuries, including a brain hematoma, a torn muscle above her knee, numerous
lacerations, and three broken vertebrae, leaving her confined to bed for three
months.  Two other store patrons,
including Medina, were injured as well, but Ruiz was not.  After the truck came to a stop, appellant got
out and began chasing Ruiz to a restaurant in an adjacent parking lot.  Appellant then returned to the scene and
attempted to assist Thornton.

Gaines, the store manager, called
the police.  When the first officer
arrived, he began to have doubts as to whether the collision was an accident,
so he called homicide detectives to assist in the investigation.  The police determined that appellant had
driven his truck more than fifteen feet in a straight line over the sidewalk in
front of the store and into its showroom. 
There were no skid marks or other evidence of brakes being applied, and
none of the witnesses heard any braking sounds. 
The detective testified that, based on his observations of the crime scene,
the tires of appellant=s tow
truck were still spinning after impact and that the only thing that stopped the
truck from going any further was the impact with the building=s support
beam.

Appellant testified at trial that
he never intended to hit Medina or Thornton. 
He claimed that he lost control of his truck attempting to exit the
parking lot quickly after Ruiz scared him by threatening him with a knife.  A jury found appellant guilty of aggravated
assault with a deadly weapon, and the trial court sentenced him to imprisonment
for twelve years.

II.  Issues
Presented

Appellant presents the following
issues for appellate review:

(1B2)  Is the evidence legally and factually sufficient to sustain the
conviction?

(3)       Did
the trial court err in submitting to the jury a special issue on the use of a
deadly weapon?

(4)       Did
the trial court err in allowing a witness to testify that he did not believe
the incident was an accident?

(5)       Did
the trial court err in overruling appellant=s hearsay objection to the
testimony of a witness about a statement made by appellant?








(6)       Did
the trial court err in admitting photographs disclosed less than ten days
before trial?

III.  Analysis
and Discussion

A.        Is the evidence legally and factually sufficient to sustain
the conviction?

In his first two issues,
appellant contends the evidence is legally and factually insufficient to show
that he intentionally or recklessly drove into the Discount Tire store and
that, because he did not intend to injure anyone, there is insufficient evidence
to support a deadly weapon finding.

In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State=s
evidence or believe that appellants= evidence
outweighs the State=s
evidence.  Wicker v. State, 667
S.W.2d 137, 143 (Tex. Crim. App. 1984). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex.
Crim. App. 1991).  The jury, as the trier
of fact, Ais the sole judge of the
credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses=
testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When faced with conflicting evidence, we presume the trier of fact
resolved conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex.
Crim. App. 1993).  Therefore, if any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App. 1997).








As applied to appellant=s case, a
person commits an aggravated assault if he intentionally, knowingly, or
recklessly causes bodily injury to another and uses or exhibits a deadly weapon
during the commission of the assault.  Tex. Pen. Code Ann. ''
22.01(a)(1), 22.02(a)(2) (Vernon Supp. 2004). 
A Adeadly weapon@ includes
Aanything
that in the manner of its use or intended use is capable of causing death or
serious bodily injury.@  Tex.
Pen. Code Ann. '
1.07(a)(17)(B) (Vernon Supp. 2004).  The
indictment in this case charged appellant with intentionally and knowingly
injuring Thornton with his vehicle and, alternatively, with recklessly injuring
her.[1]

Intent is a fact question for the
jury and is almost always proven through evidence of the circumstances
surrounding the crime.  Childs v.
State, 21 S.W.3d 631, 635 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).  Intent may be inferred from the words and
conduct of the accused.  Id.  Here, the jury heard evidence that appellant
was angry at Ruiz and Medina because of their previous altercation, in which
appellant had been physically attacked, had his tire slashed, and lost a commission.  The three men began arguing and cursing after
appellant learned he would have to pay for the tire repair himself.  The Discount Tire store manager offered to
replace the tire at no charge to help resolve the situation and told appellant
his tire would be ready the following day. 
However, appellant returned a short time later and backed his tow truck
into a parking space facing Ruiz and Medina, who were standing outside the
store.  After a loud engine roar,
appellant=s tow truck traveled in a
straight path and crashed through the front of the store, coming to a stop only
after hitting the store=s support
beam.  Appellant then got out of the car
and began chasing Ruiz on foot, despite appellant=s claim
that he lost control of his vehicle when fleeing from Ruiz, whom appellant
claims pulled a knife on him.  Based on
all the evidence before the jury, a rational trier of fact could have found
appellant intentionally or recklessly caused injury beyond a reasonable doubt.








Appellant also claims that
because there is no evidence he intended to injure anyone, there is
insufficient evidence to support a deadly weapon finding.  We already have concluded that a rational
jury could have found that appellant acted intentionally.  Moreover, to support a deadly weapon finding,
intent to use an automobile as a deadly weapon need not be shown.  Walker v. State, 897 S.W.2d 812, 814
(Tex. Crim. App. 1995).  All that is
required is evidence that the automobile, as used, is capable of causing death
or serious bodily injury.  Walker,
897 S.W.2d at 814; see also Cates v. State, 102 S.W.3d 735, 738 (Tex.
Crim. App. 2003) (AAn
automobile can be a deadly weapon if it is driven so as to endanger lives.@).  A rational jury could have found that driving
a tow truck into the lobby of a business establishment with customers present
might cause death or serious bodily injury. 
Accordingly, we overrule appellant=s first
issue challenging the legal sufficiency of the evidence.

When evaluating a challenge to
the factual sufficiency of the evidence, we view all the evidence in a neutral
light and inquire whether the jury was rationally justified in finding guilt
beyond a reasonable doubt.  Zuniga v.
State, No. 539-02, 2004 WL 840786, at *7, __ S.W.3d __, __ (Tex. Crim. App.
Apr. 21, 2004).  A reviewing court may
find the evidence factually insufficient in two ways.  Id. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict and the
evidence contrary to the verdict, the contrary evidence may be strong enough
that the beyond-a- reasonable-doubt standard could not have been met.  Id. 
In conducting the factual-sufficiency review, we must employ appropriate
deference so that we do not substitute our judgment for that of the fact
finder.  Id. at *4.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the
weight and credibility given to any witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
In conducting a factual-sufficiency review, we must discuss the evidence
appellant claims is most important in allegedly undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).








Appellant asserts that the great
weight of the evidence suggests not that he intentionally or recklessly ran his
vehicle into the store building but that he lost control of his vehicle trying
to leave the parking lot quickly.  This
is the same argument he made in support of his legal-sufficiency
challenge.  After reviewing all the
evidence under the applicable standard of review, we conclude that the evidence
is factually sufficient to support appellant=s
conviction.  See Zuniga, 2004 WL
840786, at *7, __ S.W.3d at __. 
Accordingly, we overrule appellant=s second
issue.

B.        Did the trial court err in submitting to
the jury a special issue on the use of a deadly weapon?

In his third issue, appellant
claims the trial court erred in submitting a special issue on the use of a
deadly weapon because (a) there is no evidence that he used the tow truck as a
deadly weapon and (b) the indictment did not allege that his tow truck was a Adeadly
weapon@ in each
of the two paragraphs describing alternative ways of committing the
offense.  We already have concluded that
there is sufficient evidence to support the jury=s deadly
weapon finding.  Further, to justify a
deadly weapon special issue, the indictment need not even allege the use of a
deadly weapon if the State gives notice Ain some
form@ of its
intention to seek a deadly weapon finding. 
See Grettenberg v. State, 790 S.W.2d 613, 614B15 (Tex.
Crim. App. 1990); Arizmendez v. State, 807 S.W.2d 436, 438 (Tex. App.CHouston
[14th Dist.] 1991, no pet.).  Given that
one paragraph of the indictment clearly described appellant=s tow
truck as a deadly weapon, sufficient notice was given to allow submission of a
deadly weapon special issue.  See
Grettenberg, 790 S.W.2d at 614B15
(holding that deadly weapon allegation contained in abandoned portion of
indictment constituted sufficient notice).  We overrule appellant=s third
issue.

C.        Did
the trial court err in allowing a witness to testify that he did not believe
the incident was an accident?








In his
fourth issue, appellant complains that the trial court allowed improper opinion
testimony.  Gaines, the store manager,
testified that he did not believe the collision was an accident.  Appellant claims that this constituted
testimony about his culpable mental state, which is improper, and that it was
not helpful to the jury.  We review the
trial court=s decision to admit this
testimony for an abuse of discretion.  See
Fairow v. State, 943 S.W.2d 895, 901 (Tex. Crim. App. 1997). 

Texas Rule of Evidence 701
provides that lay witnesses may give opinion testimony if the opinion is A(a)
rationally based on the perception of the witness and (b) helpful to a clear
understanding of the witness=
testimony or the determination of a fact in issue.@  Tex.
R. Evid. 701.  Even lay opinions
regarding another=s
culpable mental state are permissible if based on Athe
witness=s
objective perception of events (i.e., his own senses or experience).@  Fairow, 943 S.W.2d at 899.  Thus, a prison guard who witnessed an inmate
hitting a prison official properly testified that he believed the blows were
intentional and not accidental because his opinion was rationally based on what
he saw.  Doyle v. State, 875 S.W.2d
21, 23 (Tex. App.CTyler
1994, no pet.); see also Fairow, 943 S.W.2d at 899 (discussing Doyle
with approval).  Similarly, Gaines saw
how upset appellant became after being told he would have to pay to replace the
tire, witnessed the heated exchange between appellant and the other drivers,
knew that appellant quickly returned to the store even after being told his
tire would not be ready until the next day, and heard no braking as appellant=s truck
came into the store at a high rate of speed. 
Gaines=s opinion that the collision was
not an accident was rationally based on those experiences.  Additionally, the testimony was helpful
because it related to a disputed fact issue.  See Tex.
R. Evid. 701(b); Webster v. State, 26 S.W.3d 717, 725 (Tex. App.CWaco
2000, pet. ref=d).  Accordingly, the trial court did not abuse
its discretion in admitting Gaines=s opinion
regarding whether the collision was an accident. 

Even if the trial court=s
admission of the evidence were erroneous, the error would be harmless.  The jury heard all the facts upon which
Gaines=s opinion
was based, and Gaines was not depicted to be an expert on such matters.  Therefore, the opinion added little, if any,
weight to his testimony, and no harm resulted. 
See Solomon v. State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). 

For these reasons, we overrule
appellant=s fourth issue.








D.        Did
the trial court err in overruling appellant=s hearsay objection to the
testimony of a witness about a statement made by appellant?

In his
fifth issue, appellant contends that Gaines=s
testimony that he heard appellant say AThem
[expletive] right there stabbed my tire@ is
inadmissible hearsay.  The statement was
offered to show appellant=s state
of mind and motivation, not for the truth. 
Therefore, it is not hearsay.  See
Guidry v. State, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999) (A[A]
statement which is not offered to prove the truth of the matter asserted, but
is offered for some other reason, is not hearsay.@); Butler
v. Joseph=s Wine
Shop, Inc., 633 S.W.2d 926, 932 (Tex. App.CHouston
[14th Dist.] 1982, writ ref=d n.r.e.)
(statement offered Ato show
the state of mind of appellant@ was not
hearsay).  Even if the statement were
hearsay, admitting the statement was harmless error because on
cross-examination, Gaines essentially repeated this testimony without
objection.  See Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (holding that Aoverruling
an objection to evidence will not result in reversal when other such evidence
was received without objection@).  We overrule appellant=s fifth
issue.

E.        Did the trial court err in admitting
photographs disclosed fewer than ten days before trial?

In appellant=s sixth
issue, he complains that the State failed to produce photographs of Heather
Thornton, taken by her family after she came home from the hospital, until
three days before trial.  The trial court
entered a discovery order stating, among other things, that the State must
disclose certain items at least ten days before trial, including A[a]ll . .
. photographs . . . made or collected during the investigation of this case
that the State intends to offer into evidence in its case in chief.@  The prosecutor stated that he disclosed the
disputed photographs to appellant the day he received them, which was only
three days before trial.








Appellant objected that the State violated the
discovery order, and the trial court overruled the objection.  Appellant then made an oral request for a
two-day continuance Ato
consult with a medical doctor regarding the injuries sustained or injuries
shown@ in the
photographs.  The trial court denied the
request for continuance.  On appeal,
appellant asserts a different objection. 
He now claims admission of the photographs harmed him because they
prejudiced the jury and contributed to his punishment.  Appellant failed to make any sort of
prejudice objection to the trial court, and therefore he has not preserved this
complaint for appellate review.  See
Tex. R. App. P. 33.1(a)(1)(A); Dixon
v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998) (A[T]he
point of error on appeal must correspond to the objection made at trial.@).

Even assuming appellant preserved this issue and
assuming the State actually violated the discovery order, admission of the
photographs was harmless.  The
photographs, which show Thornton with cuts, stitches, and bruises after being
released from the hospital, are cumulative of her testimony and the testimony
of other witnesses about the details and extent of the injuries she suffered
and thus did not Aaffect[]
the outcome of the trial.@  Crane v. State, 786 S.W.2d 338, 349
(Tex. Crim. App. 1990); accord Macias v. State, 704 S.W.2d 484, 488
(Tex. App.CHouston [14th Dist.] 1986, no
pet.).  We overrule appellant=s sixth
issue.

Having overruled all of appellant=s issues,
we affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed September 16, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Though it is
undisputed that appellant had no intent to injure Thornton, any intent to
injure Ruiz and Medina can transfer to Thornton.  See Manrique v. State, 994 S.W.2d 640,
647 (Tex. Crim. App. 1999).