Affirmed and Memorandum Opinion filed February 24, 2011.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00366-CR



 

Romie Jewel Blount, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause No. 1179863



 

MEMORANDUM  OPINION

 

Appellant Romie Jewel Blount appeals his state jail
felony conviction for theft[1]
on grounds that (1) the evidence is legally and factually insufficient to
support his conviction; and (2) he was denied effective assistance of counsel. 
We affirm.

Background

            Appellant was
indicted for theft on August 29, 2008.  After appellant waived his right to a
trial by jury, a bench trial was held on April 15, 2009.  At the bench trial,
complainant, Samuel L. Graham, testified that appellant had been his mechanic
for approximately 15 years.  Complainant also testified that appellant would
typically come to his residence; repair the cars in complainant’s driveway; and
then present an invoice which complainant would pay immediately.

Complainant further testified that he had bought a
1993 Lexus LS400 for $3,995 on July 30, 2007.  When the “check engine” light
lit up, complainant contacted appellant.  Appellant came to complainant’s
residence on September 17, 2007 and informed complainant that he needed to test
drive the Lexus “to see if he could get it to duplicate the problem.” 
Appellant drove away in the Lexus and left an Isuzu Rodeo — the vehicle in
which he had arrived at complainant’s residence — in complainant’s driveway. 
Complainant called appellant later that day and appellant “said that he still
needed to drive [the Lexus] longer because he hadn’t figured out what the
problem was.”

Complainant testified that appellant failed to return
the Lexus the next day, so complainant called appellant “to ask him what was
going on, and [appellant] said he still was test driving the vehicle.” 
Complainant also stated it was his understanding, after speaking to appellant, that
appellant would keep the Lexus only for one more day.  Thereafter, complainant
had no further communications with appellant, even though complainant left
appellant numerous telephone messages.  Appellant never returned complainant’s
calls, sent an invoice, or contacted complainant.  

Complainant sent a demand letter on November 5, 2007
to the address appellant had listed on his previous invoices.  When appellant
failed to respond to complainant’s demand letter and return the Lexus,
complainant filed a stolen vehicle report with the Houston Police Department on
November 20, 2007.  Complainant testified that the Lexus was returned to him on
March 17, 2009; it was very dirty, had significant scratches, had approximately
82,000 additional miles on it, and no longer was in drivable condition.  

Sergeant Jose Rosas of the Houston Police Department
vehicle crimes division testified that he ran a license plate check on the
Isuzu Rodeo appellant had left in complainant’s driveway when he drove away
with the Lexus; Sergeant Rosas discovered that the Isuzu was reported stolen after
it was taken to be repaired, and the suspected thief was appellant.

Appellant testified that he did not intend to steal
the Lexus.  He further stated that he did not return the Lexus because the
repairs were only partially completed, and he held it for 18 months because he
wanted to save the complainant money.  Appellant claimed he told complainant the
repairs would either cost a lot of money or take a lot of time.  According to
appellant, complainant did not want to spend much money.  Appellant claimed he
did not put 82,000 miles on the car, and further explained that he installed a
different odometer.  Appellant also denied that he previously failed to return
another car he took from another customer.   Additionally, appellant denied
abandoning another customer’s Isuzu in complainant’s driveway.

The trial court found appellant guilty of theft, a
state jail felony, and sentenced appellant to 14 months confinement.  Appellant
filed a timely appeal raising two issues.

Analysis

I.                  
Sufficiency of the Evidence

            In his first
issue, appellant argues that the evidence is legally and factually insufficient
to support his conviction for theft.

We address appellant’s sufficiency challenges under a
single standard for evaluating legal sufficiency of the evidence to support a
finding required to be proven beyond a reasonable doubt.  See Brooks v.
State, 323 S.W.3d 893, 895, 912 (Tex. Crim. App. 2010) (plurality opinion);
id. at 913-14 (Cochran, J., concurring) (concluding that a separate
factual sufficiency standard no longer applies in criminal cases).  That
standard requires us to determine whether, after considering all the evidence
in the light most favorable to the verdict, a factfinder was rationally
justified in finding guilt beyond a reasonable doubt.  Id. at 902
(plurality opinion).

            A person commits
the offense of theft “if he unlawfully appropriates property with the intent to
deprive the owner of the property.”  Tex. Penal Code Ann. § 31.03 (a) (Vernon Supp.
2009).  The intent to deprive the owner must exist at the time the property is
taken.  Mattiza v. State, 801 S.W.2d 195, 197 (Tex. App.—Houston [14th
Dist.] 1990, pet. ref’d) (citing Peterson v. State, 645 S.W.2d 807, 811
(Tex. Crim. App. 1983)).

            Appellant’s
argument that the evidence in this case is insufficient to support his
conviction for theft states as follows:

In analyzing this case, it is clear that the vehicle in
question was taken by Appellant with permission of the owner so it could be
repaired.  The Appellant was clearly given the car for at least a short period
per Samuel Graham.  Appellant’s reliability was testified to by Mrs. Graham who
said he had done work for them on occasion for thirteen years.  Appellant told
Mr. Graham due to extensive damage, that it would need a lot of time or money,
and he picked time.  The Appellant denied putting big miles on the car but did
put in a different odometer.  Clearly, there is an issue as to whether the case
was proven beyond a reasonable doubt as detailed in Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004).[[2]]
(citations to the record omitted).

Although appellant’s argument
is unclear, it seems that he is contending that there is insufficient evidence
he intended to deprive complainant of the Lexus when he took it because the
“vehicle in question was taken by Appellant with permission of the owner so it
could be repaired.”

            Permission to
take the Lexus for a test drive in order to determine what needed to be
repaired does not negate appellant’s intent to deprive.  See Thomas v. State,
753 S.W.2d 688, 693-94 (Tex. Crim. App. 1988) (the fact that the rental
agreement authorized appellant to withhold the vehicle for an agreed period of
time does not control the issue of appellant’s intent; noncompliance with the
rental agreement can militate in favor of a finding that appellant did not
intend to comply with the agreement).  Further, intent to deprive may be
inferred from the circumstances, including “the words, acts and conduct of the
accused.”  Banks v. State, 471 S.W.2d 811, 812 (Tex. Crim. App. 1971); Winkley
v. State, 123 S.W.3d 707, 713 (Tex. App.—Austin 2003, no pet.).

The trial court heard evidence that appellant failed
to return the car to complainant as agreed, failed to answer or return any of
the complainant’s numerous calls, and failed to contact complainant to explain
his actions.  The court also heard evidence that appellant left an Isuzu Rodeo
in complainant’s driveway when he took the complainant’s Lexus.  The Isuzu belonged
to another customer, and appellant failed to return it; it had been reported
stolen after it was taken to be repaired.  This constitutes legally sufficient
evidence that appellant had the requisite intent to deprive complainant of his
Lexus when it was initially taken.  See Rowland v. State, 744 S.W.2d
610, 613 (Tex. Crim. App. 1988) (failure to return borrowed truck as promised
and contact owner with an explanation is circumstantial evidence of intent to
deprive); Amado v. State, 983 S.W.2d 330, 333 (Tex. App.—Houston [1st
Dist.] 1998, pet. ref’d) (complainant gave her jewelry to appellant so he could
have his brother repair it; intent to deprive may be inferred from the failure
to return the jewelry); see also Davis v. State, No. 14-04-00610-CR,
2006 WL 177581, at *2 (Tex. App.—Houston [14th Dist.] Jan. 26, 2006, pet.
ref’d) (mem. op., not designated for publication) (failure to return car to
dealership after a weekend test drive, failure to contact dealership and
explain failure to return car, and failure to return phone calls was sufficient
evidence of intent to deprive).

Accordingly, we overrule appellant’s first issue.

II.              
Ineffective Assistance of Counsel

In his second issue, appellant contends he was denied
effective assistance of counsel.  

In determining whether his trial counsel’s
representation was so ineffective that appellant’s Sixth Amendment right to
counsel was violated, we use the two-prong test laid out in Strickland v.
Washington, 466 U.S. 668 (1984).  Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999).  To establish ineffective assistance of counsel, a
defendant must show that (1) his counsel’s performance fell below an objective
standard of reasonableness; and (2) but for counsel’s unprofessional errors,
the result of the proceeding would have been different.  Id.

We assess whether a defendant received ineffective
assistance of counsel according to the facts of each case.  Id. at 813.  Any
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Id.  Appellant
bears the burden of proving by a preponderance of the evidence that counsel was
ineffective.  Id.  We consider the totality of the representation and
particular circumstances of each case in evaluating the effectiveness of
counsel.  Id. We must be “highly deferential to trial counsel and avoid
the deleterious effects of hindsight.”  Lane v. State, 257 S.W.3d 22, 26
(Tex. App.—Houston [14th Dist.] 2008, pet. ref’d).  Trial counsel is strongly
presumed to have acted within the wide range of reasonable professional
assistance.  Perez v. State, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Appellant argues that his trial counsel’s actions were
unprofessional and not motivated by sound strategy because trial counsel failed
to (1) object to hearsay from Sergeant Jose Rosas “regarding what Mr. Graham
said, and his comments about hearsay about the Rodeo car being investigated for
auto theft, when he was not the officer of record on the case;” (2) “explore
what happened to the agreement to dismiss the case;” (3) object to the “State
inquiry as to Appellant’s Pre-Trial Release Application regarding where he
lived;” and (4) explore whether the Lexus was worth more than $1,500.

Although appellant contends trial counsel’s actions outlined
above were unprofessional and unsupportable as reasonable trial strategy, he
makes no effort to show how the record demonstrates that, but for trial
counsel’s allegedly unprofessional errors, the outcome of the proceeding would
have been different.  Even if we assume without deciding that trial counsel’s
actions fell below an objective standard of reasonableness, because appellant
neither argued nor established that he was prejudiced by trial counsel’s
alleged errors as required under Strickland’s prejudice prong, appellant
cannot prevail on his ineffective assistance claim.  See Thompson, 9
S.W.3d at 812.

Accordingly, we overrule appellant’s second issue.

Conclusion

            We affirm the trial
court’s judgment.

 








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 









[1]
See Tex. Penal Code Ann. § 31.03 (a), (e)(4)(a) (Vernon Supp. 2009).





[2]
We note that the Court of Criminal Appeals overruled Zuniga in Watson
v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006).  Additionally, Zuniga
involved a factual sufficiency claim; as stated above, we review sufficiency
challenges under a single standard for evaluating sufficiency of the evidence
to support a finding that must be proven beyond a reasonable doubt.  Brooks,
323 S.W.3d at 895, 912.